694 So.2d 1006 (1997)
Edward M. ROWLEY, Jr.
v.
Dorothy LOUPE.
No. 96-CA-918.
Court of Appeal of Louisiana, Fifth Circuit.
April 9, 1997.
*1007 Scott G. Jones, Hulse & Wanek, New Orleans, for Plaintiff In Reconvention/Appellant.
Edward J. McCloskey, McCloskey, Langenstein & Stoller, New Orleans, for Defendant In Reconvention/Appellee.
Before BOWES, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
This is an appeal from a grant of a summary judgment motion dismissing defendant Dorothy Loupe's reconventional demand. We affirm.
This matter began as a defamation suit filed by Edward M. Rowley, Jr., a real estate agent with the firm of Wagner & Truax, against Dorothy Loupe, an unsuccessful bidder on a piece of commercial property offered for sale by the FDIC. Loupe filed an answer and a reconventional demand against Rowley for negligence in his duties as listing agent for the property. Both parties filed motions for summary judgment. The trial court denied Loupe's motion, but granted the motion for summary judgment filed by Rowley dismissing Loupe's action.[1] The defamation suit has been settled and is not before this court. Loupe filed this appeal from that part of the trial court judgment which grants Rowley's motion for summary judgment, *1008 and dismisses Loupe's action for negligent misrepresentation.
According to the record, Mr. Rowley was listing agent on property owned by the FDIC at 474 Metairie Road in Metairie, Louisiana. In June of 1993, Ms. Loupe, who owned and operated a photography studio in New Orleans for ten years, decided to relocate her business to Jefferson Parish. She contacted Sissy Wood, an agent for Latter & Bloom. Wood made Loupe aware of the property at 474 Metairie Road which had been listed with Wagner & Truax by the FDIC for $290,000.00. On July 27, 1993, Wood submitted a bid on Loupe's behalf in the amount of $210,000.00. At the same time another offer was made for $222,000.00. Both offers were rejected shortly afterward, and the FDIC made a counter offer on the property of $265,000.00. On July 30, 1993, Ms. Loupe and Ms. Wood went to the Wagner & Truax office where Ms. Loupe completed a new bid sheet on the property offering $235,000.00. At the same time the other bidder, Mr. Dennis Daray who was represented by William Kingsmill also an agent for Wagner & Truax, made a bid on the property in the amount of $250,000.00 which was accepted by the FDIC.
After being informed that her bid was unsuccessful, Ms. Loupe telephoned the FDIC. She told a representative of the FDIC that she was uncomfortable with the fact that the listing agent, Rowley, and the buyer's agent, Kingsmill, were in the same office. Loupe requested that she be allowed to submit offers directly to the FDIC. Because of Loupe's complaint, the FDIC rescinded its acceptance of Daray's offer and instructed both bidders to submit bids directly to the FDIC without the involvement of Mr. Rowley. Accordingly on August 2, 1993, Rowley phoned Loupe and informed her that new bids on the property were due on August 3, 1993 by 11:00 A.M., and that she could pick up the FDIC bid sheets at his office. Both bidders made offers directly to the FDIC. Mr. Daray's offer was accepted and Ms. Loupe's was rejected.
During and after that bidding procedure, Ms. Loupe made statements which gave rise to the defamation action filed by Rowley. In her petition for reconventional demand in the defamation suit, Ms. Loupe asserts that Mr. Rowley was negligent in failing to carry out his duties as listing agent on the property. Specifically, Loupe alleges that Rowley failed to inform her of the significant procedures that were necessary in presenting a bid for property sold through the FDIC. This negligence forms the basis for Loupe's cause of action against Rowley. She asserts that she lost the property because of that inadequate information, and was forced to move her business into a much smaller space. Consequently, she lost considerable business potential.
Loupe maintains that summary judgment is inappropriate because material issues of fact remain about whether Rowley handled the real estate transactions in an appropriate manner, "especially in light of the fact that the client of his co-worker received the property, but yet bid less money on the property, and also because Rowley never informed Loupe that cash offers were preferable to the FDIC".
LSA-C.C.P. art. 966(B) provides in part as follows:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
The legislature amended the above article to provide that the summary judgment procedure is "favored and shall be construed to accomplish these ends". That amendment is procedural in nature and is therefore, subject to retroactive application. Short v. Giffin, 96-0361 (La.App. 4 Cir. 8/21/96), 682 So.2d 249; Collinsworth, v. Foster, 28,671 (La.App. 2 Cir. 9/25/96), 680 So.2d 1275. Nonetheless, the amended version of the summary judgment article does not change the law regarding the burden of proof in the proceeding. Short v. Giffin, supra. Summary judgment is not proper if the mover fails to show that no genuine issues of material fact remain.
The Louisiana Supreme Court completely analyzed the application of summary *1009 judgments in Smith v. Our Lady of the Lake Hospital, 93-2512 (La.7/5/94), 639 So.2d 730. It is clear from that analysis that this court must review the motion de novo. We must consider whether the summary judgment is appropriate under the circumstances of the case. There must be a "genuine" or "triable" issue on which reasonable persons could disagree. See also, Communication & Info. Resources, Inc. v. Expressions, 95-1070 (La. App. 5 Cir. 5/15/96), 675 So.2d 1164. A fact is material if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Faul v. Bank of Sunset & Trust Co., 93-1080 (La.App. 3 Cir. 4/6/94), 635 So.2d 573, writ den. 94-1627 (La.9/30/94), 642 So.2d 879, and by 94-1659 (La.9/30/94), 642 So.2d 880. We have reviewed the record in this matter and find that the trial court was correct in granting the motion for summary judgment.
The record shows that Mr. Daray's offer was an unconditional, all cash offer in the amount of $251,000.00, which included a certified check for the deposit. Ms. Loupe's offer was for $255,000.00 contingent on securing financing. Ms. Loupe admitted in her deposition that she did not send a check for 10% with her offer as required. She further acknowledged that when she was told by the FDIC that a deposit check was required, she did not send a certified check and that there was not sufficient funds in her account to cover the $25,500.00 check she did send to the FDIC. However, she maintains that Mr. Rowley, as listing agent on the property, knew that a deposit was required but did not inform her. She further alleges that she could have gotten the financing within 30 days and had sufficient funds in another account to cover the deposit check, but did not transfer the funds because she was not aware the FDIC would attempt to cash the check. She also asserts that Mr. Rowley should have informed her that an all cash offer would be viewed more favorably than one contingent on obtaining financing.
Both parties agree that Rowley was the listing agent on the property, and that Loupe lost the property to a lower bidder because her offer was contingent on obtaining financing and did not include the deposit money. Also, both parties agree that, as a result of Loupe telephone call to the FDIC, Rowley was not involved in the final bidding procedure. In her deposition, Ms. Loupe stated that she and her husband faxed the final offer to the FDIC from their home with instructions from her broker, Ms. Wood. It is clear from the record that Rowley was not involved in the final bidding process.
Further, Loupe stated that she called the FDIC and was told that her offer was rejected because a financial check made by the FDIC revealed that Loupe did not have sufficient funds in her account to cover the deposit check sent with the offer. Further, her offer was contingent on loan approval. She also admitted filling out and signing the purchase agreement which indicates that a deposit is due with the bid.
A purchaser's remedy against a real estate broker is limited to fraud under LSA-C.C. art. 1953, et seq. or for negligent misrepresentation under LSA-C.C. art. 2315. Smith v. Remodeling Service, Inc., 94-589 (La.App. 5 Cir. 12/14/94), 648 So.2d 995. Although Loupe eludes to questionable practices on the part of the broker by her emphasis on the fact that the successful bidder on the property was represented by a fellow agent in the same real estate firm, there is no specific allegation made, nor evidence presented to support an action in fraud against Rowley.
This court has explained the action for negligent misrepresentation, in Smith v. Remodeling Service, Inc., supra at 648 So.2d 1000 as follows:
The action for negligent misrepresentation arises ex delicto, rather than from contract. In order to recover for negligent misrepresentation there must be a legal duty on the part of the defendant to supply correct information; a breach of that duty, and the breach must have caused some damage to the plaintiff. Beal v. Lomas and Nettleton, 410 So.2d 318 (La.App. 4th Cir.1982). A real estate broker or agent owes a specific duty to communicate accurate information to the seller and the purchaser and may be held liable for negligent *1010 misrepresentation. Josephs v. Austin, 420 So.2d 1181 (La.App. 5th Cir.1982).
Under the facts of this case we cannot find error in the trial court's ruling that no material facts remain undecided and that Rowley is entitled to judgment as a matter of law. For the foregoing reasons, the ruling of the trial court is affirmed. Costs of the appeal are assessed to appellant.
AFFIRMED.
NOTES
[1] A previous ruling denying the motion for summary judgment was vacated by the trial court.