702 So.2d 971 (1997)
John TONUBBEE
v.
RIVER PARISHES GUIDE, et al.
No. 97-CA-440.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 1997.
*973 John Wayne Tonubbee, Angola, Plaintiff/Appellant, in pro. per.
Jerry H. Schwab, Schwab & Schwab, Houma, for Defendants/Appellees.
Before GAUDIN, C.J., and BOWES and GOTHARD, JJ.
GOTHARD, Judge.
Plaintiff, John Wayne Tonubbee, appeals from a summary judgment granted in favor of the defendants, River Parishes Guide, Allen Lottinger and Leonard Gray, dismissing plaintiff's defamation suit. We affirm.
On December 22, 1991, River Parish Guide published an article entitled "Pardon Board hearing sought by Tonubbee." At the time the article was printed, the publisher and editor of the newspaper was Allen Lottinger and the managing editor was Leonard Gray. The article appeared as follows:
John Wayne Tonubbee, 48 is seeking a pardon board hearing. He is currently serving a life sentence for the April 19, 1980 murder of Paradis restaurant owner "Captain" Leo Dufrene and Pauline Odom.
According to a Pardon Board spokesperson, Tonubbee has applied for the hearing but no date has been set.
Odom, who had apparently been drinking in a local bar earlier on the evening of April 19, was walking along U.S. 90 between Paradis and Mozella when two young men, Scott Perret and Paul Templet, both of Mimosa Park, stopped to assist her.
Perret left the scene to summon help and Dufrene came along and also stayed to assist.
Tonubbee, then of Bayou Gauge, pulled up in a pickup truck, got out and struck the two men with a lug wrench. He then got back into his truck and ran over both Dufrene and Odom. Templet was only injured and survived to tell the story to police.
Allegedly, Tonubbee and Odom had argued in the bar earlier in the evening. His truck was later located in Paradis.
During his trial, Tonubbee claimed to have loaned the truck to an acquaintance called Jim. When the truck was found, a piece of Dufrene's shirt was still wrapped around the drive shaft.
He was convicted of two counts of first degree murder on May 5, 1981, following an 11-day trial and sentenced on May 26 by Judge Ruche Marino.
Plaintiff filed suit against the defendants, claiming he had been defamed by the article and seeking damages resulting from the defamation. Subsequently, the defendants filed a motion for summary judgment, and the trial court granted summary judgment. It is from this judgment that plaintiff appeals.
A motion for summary judgment is properly granted only if the pleadings, depositions, *974 answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
LSA-C.C.P. art. 966 providing for summary judgment was amended by Act No. 9 of the First Extraordinary Session of 1996. The amended version of LSA-C.C.P. art. 966 now proclaims that the summary judgment procedure is favored and shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. Orillion v. Alton Ochsner Medical Foundation, 97-115 (La.App. 5 Cir. 5/28/97), 695 So.2d 1063. That amendment is procedural in nature and is therefore, subject to retroactive application. Rowley v. Loupe, 96-918 (La.App. 5 Cir. 4/9/97), 694 So.2d 1006.
However, even though legislative intent is to favor summary judgments, the amended version of LSA-C.C.P. art. 966 does not change the law regarding the burden of proof in a summary proceeding. Short v. Giffin, 96-0361 (La.App. 4 Cir. 8/21/96), 682 So.2d 249, writ denied, 96-3063 (La.3/7/97), 689 So.2d 1372. Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law". Once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
LSA-C.C.P. art. 966 was again amended by Act No. 483 of the Regular Session of 1997. Like the 1996 amendment, this latest revision recognizes that there are circumstances when the issue before the court on the motion for summary judgment is not one on which the mover would have the burden of proof at trial, and it clarifies the mover's and the adverse party's burdens of proof in that situation. Consequently, we interpret the 1997 amendment to be procedural in nature and subject to retroactive application.
Specifically, the 1997 amendment provides that the burden of proof on summary judgment remains with the mover. However, if the mover will not bear the burden of proof at trial, he only need point out to the court that there is an absence of factual support for one or more of the elements essential to the adverse party's claim. Once the mover establishes that there is no factual support for an essential element of the adverse party's claim, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If he fails to do so, the mover is entitled to summary judgment.
In order for a plaintiff to prevail in a defamation case, the elements that must be proven are: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196 (La.1980).
The first inquiry is whether the words used are defamatory. Defamatory words are those which would expose a person to contempt or ridicule, or cause a person to be shunned or avoided. Defamatory words include almost any language which on its face has a tendency to injure a person's reputation. Consideration must be given to the entire statement that was made and the circumstances of its publication. Words which impute criminal action to another are defamatory per se. Cortez v. Shirley, 555 So.2d 577 (La.App. 1 Cir.1989).
In order to show malice, plaintiffs must prove that the statements made in the article were published with knowledge that the statements were false or with reckless disregard for whether the statements were true or false. Spears v. McCormick & Co., Inc., 520 So.2d 805 (La.App. 3 Cir.1987), writ denied, 522 So.2d 563 (La.1988). However, *975 when words are found to be defamatory per se, falsity and malice are presumed and the defendant bears the burden of rebutting the presumption. Trahan v. Ritterman, 368 So.2d 181 (La.App. 1 Cir.1979).
Plaintiff argues that the statement in the article that he struck Dufrene and Templet with a lug wrench was not supported by the evidence presented at his murder trial. He asserts that the statement imputed unsubstantiated criminal activity to him and therefore the statement was defamatory per se.
Even assuming that the statement was defamatory per se, the supporting affidavits by Lottinger and Gray[1] established that the statement was published without any knowledge that it was false and without reckless disregard for whether it was true of false. Thus, the defendants rebutted the presumption of malice and established that there was no issue of material fact as to malice, an essential element of plaintiff's claim. Consequently, the burden shifted to plaintiff to produce factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial.
However, plaintiff did not submit any affidavits or other evidence to show that the actions of the defendants were motivated by malice. Plaintiff's failure to produce such evidence warranted the granting summary judgment. Therefore, the trial court did not err in granting the defendants' motion for summary judgment on the plaintiff's claim of defamation.
Plaintiff further argues that even if the requirements of a defamation suit are not met, there is a genuine issue of material fact as to an invasion of privacy/false light claim which does not require proof of malice and therefore the trial court should not have granted the defendants' motion for summary judgment.
Courts have allowed tort actions for invasion of privacy which involves the basic right of a person to be let alone in his private affairs. An unwarranted invasion of a person's right of privacy may give rise to liability for the resulting harm. Roshto v. Hebert, 439 So.2d 428 (La.1983). One type of invasion of privacy consists of publicity which unreasonably places the plaintiff in a false light before the public. Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386 (La.1979).
Even where a right to privacy is found to exist, Louisiana courts have distinguished between invasions of that right which are actionable and those which are non-actionable. An actionable invasion of privacy occurs only when the defendant's conduct is unreasonable and seriously interferes with the plaintiff's privacy interest. For an invasion to be actionable, it is not necessary that there be malicious intent on the part of the defendant. The reasonableness of the defendant's conduct is determined by balancing the conflicting interests at stake; the plaintiff's interest in protecting his privacy interest from serious invasions, and the defendant's interest in pursuing his course of conduct. Jaubert v. Crowley Post-Signal, Inc., supra. The right of privacy is also limited by society's right to be informed about legitimate subjects of public interests. Parish National Bank v. Lane, 397 So.2d 1282 (La.1981).
The affidavits of Lottinger and Gray reveal that the intention of the article was to report *976 on a matter of concern of which the public had a legitimate interest, rather than to invade the privacy of plaintiff; therefore, the defendants' established that their actions in publishing the article were reasonable and thus there was no genuine issue of material fact as to an invasion of privacy claim. Because plaintiff did not offer any evidence to support his claim of invasion of privacy, the trial court correctly granted the motion.
For the foregoing reasons, we affirm the judgment of the trial court.[2]
AFFIRMED.
NOTES
[1] In the affidavits, both Lottinger and Gray state the following:

... The information published in the December 22, 1991, Sunday edition of the River Parish Guide, regarding the pardon board hearing sought by John Tonubbee, was true and correct, to the best of my knowledge, from information obtained from the trial proceedings and from the official record in the case. When I published the article I had no knowledge of any information in the article which was false or inaccurate. Neither the plaintiff nor any of his friends or family provided information for inclusion in the article. Accordingly, lacking information from the plaintiff and based upon information received from the public record and trial proceedings, I didn't entertain serious doubts as to the truth of the statements made in the article. At the time the article was published I bore no malice or ill will towards John Tonubbee. Finally I considered the published information of legitimate concern to the public in St. Charles Parish since the plaintiff's crime and conviction occurred there. In my opinion John Tonubbee became a "public figure" due to the notoriety he achieved through the commission, arrest, charging, trial and sentencing on this charge.
[2] Plaintiff filed a "request for recusal of interested judges." Because this panel has no "interest in the outcome of this appeal", we find this "request" to be inapplicable.