731 So.2d 422 (1999)
AZREME, CORP.
v.
ESQUIRE TITLE CORPORATION.
No. 98-CA-1179.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 1999.
*423 Connie S. Montgomery, Kenner, Louisiana, Attorney for Appellant.
Patrick D. Breeden, New Orleans, Louisiana, Attorney For Appellee.
Panel composed of EDWARD A. DUFRESNE, Jr., MARION F. EDWARDS, JJ., and THOMAS C. WICKER, Jr., J. Pro Tem.
EDWARDS, Judge.
Defendant/appellant Esquire Title Corporation ("Esquire") appeals the ruling of the trial court granting plaintiff/appellee Azreme Corporation's ("Azreme") Motion for Summary Judgment. For the following reasons, we affirm the ruling of the trial court and remand for a hearing on the reconventional demand.
On September 11, 1993, a contractual agreement was entered into between the two parties for the purchase of real property at 640 Frenchman Street, New Orleans, Louisiana. Defendant agreed to purchase the property from the plaintiff for the total sum of $160,000.00$50,000.00 cash paid at the act of sale, one mortgage note of $50,000.00 at 10% interest per annum, and a second mortgage note in the amount of $60,000.00 due and payable one year from the date of its execution bearing no interest.
At the time that the purchase agreement was made, the parties were both made aware of possible title problems with the property. In the chain of title there allegedly was a party in interest who had failed to join in the sale of his wife's partial interest in the property. A quitclaim, or transfer of interest, was required from the person in question, Alfred J. Hingle, Sr. Furthermore, there was an alleged encroachment of approximately one foot eight inches (1' 8") by the adjoining property owner on the property in question.
Defendant alleges that the sale of the property was conditioned upon the cure of the title defects. Plaintiff alleges that there was no condition to the sale, as indicated by the plain language of the contract.
*424 After the act of sale was completed, defendant allegedly attempted to cure the title defect by contacting Mr. Hingle and requesting that he execute a quitclaim deed. According to defendant, this attempt was unsuccessful. Defendant ceased to pay on the second mortgage note, then turned the matter over to the plaintiff to cure the defect. Plaintiff proceeded to file suit against the defendant for failure to pay the promissory note. It is plaintiff's contention that the defendant assumed any and all responsibility for curing the alleged title defect and that a balance of $50,000.00 is due and owing on the second mortgage note.
On May 18, 1995, plaintiff filed a Petition on Promissory Note, alleging that defendant owed $12,000.00 on the first mortgage note and the entire $60,000.00 on the second mortgage note. Subsequent to the filing of suit, defendant paid the first mortgage note in full and paid $10,000.00 on the second mortgage note, leaving a balance of $50,000.00 due and owing to plaintiff. On October 13, 1995, defendant answered the petition alleging that the note was subject to the condition that the title problems be corrected before the note would become due. Furthermore, defendant asserted a Reconventional Demand for a reduction in the purchase price of the property due to the title defects and additionally, because there was termite damage to the building and the roof was in disrepair.
On November 15, 1995, defendant filed a Supplemental Reconventional Demand alleging that Brandy Corporation was never duly nor validly incorporated in the State of Louisiana and this caused a further title defect in the property. Plaintiff answered the Supplemental Reconventional Demand on April 29, 1997, alleging that an Act of Correction was filed into the record substituting Azreme Corporation as party plaintiff for Brandy Corporation, as Brandy Corporation could not be duly incorporated at the time of sale.
On November 17, 1997, plaintiff filed a Motion for Summary Judgment requesting a judgment as a matter of law on the second mortgage note in the amount of $50,000.00, recognition of the mortgage, attorney fees of 25% of the principal and interest, and costs. Defendant filed an opposition to the motion on February 17, 1998.
On April 9, 1998, plaintiff filed a Note of Evidence into the record of a Quitclaim Deed signed by Alfred J. Hingle, Sr., releasing any right of interest to the subject property.
On February 20, 1998, a hearing was held on the summary judgment motion before the Honorable Clarence E. Mc-Manus of the Twenty-Fourth Judicial District Court. The trial court granted the motion for summary judgment on May 19, 1998. Defendant filed a Notice of Appeal on June 1, 1998. The matter is now before this Court for review.

LAW AND ANALYSIS
Defendant, Esquire, asserts two assignments of error on appeal. The first assignment is that the trial court erred in granting plaintiff Azreme's Motion for Summary Judgment because there were genuine issues of material fact in dispute. The second assignment is that the trial court erred in granting plaintiff an award of 25% attorney fees in a summary judgment action absent any evidence to ascertain such amount.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Bua v. Dressel, 96-79 (La.App. 5th Cir. 5/28/96), 675 So.2d 1191; writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348; citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is *425 entitled to judgment as a matter of law. Tassin v. City of Westwego, 95-307 (La. App. 5th Cir. 12/13/95), 665 So.2d 1272.
The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case. Rowley v. Loupe, 96-918 (La.App. 5th Cir. 4/9/97), 694 So.2d 1006. There must be a "genuine" or "triable" issue on which reasonable persons could disagree. Id. at 1008.
Defendant's first assignment of error alleges that there were genuine issues of material fact in dispute in that the title defects constitute a valid defense of failure of consideration to plaintiffs action on the promissory note. The amended version of LSA-C.C.P. art. 966 now proclaims that the summary judgment procedure is favored and shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. Tonubbee v. River Parishes Guide, 97-440 (La.App. 5th Cir. 10/28/97), 702 So.2d 971. The plaintiff filed the summary judgment motion in this case. Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." Id. at 974. A material fact is one that would matter on the trial of the merits. J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5 th Cir. 2/14/96), 670 So.2d 1305. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Id. at 1308.
The issue is whether there are material facts in dispute concerning the alleged title defects in the property sold by the plaintiff to the defendant. Plaintiff has produced various documents to support its position. The promissory notes in question, as well as the addendum to the notes concerning the alleged title defects, have been attached and filed into the record. Furthermore, plaintiff filed a Note of Evidence into the record of a quitclaim deed signed by Alfred Hingle relinquishing any and all rights he may have had in the property. Plaintiff claims that this cures any alleged title defects the property may have had. If the supporting documents produced by the mover are sufficient to resolve all material fact issues, then the burden of proof shifts to the opposing party to present evidence that material facts are still in dispute. Herman v. Rome, 95-666 (La.App. 5th Cir. 1/17/96), 668 So.2d 1202. If the supporting documents are not sufficient to resolve all material fact issues, summary judgment must be denied. Id.
The supporting documents filed into the record by the plaintiff are sufficient to resolve all material fact issues. Therefore, the burden of proof has shifted to the defendant in this case. Defendant alleges that the sale of the property was conditioned upon the cure of the title defects. No such condition is found in any of the documents filed into the record. However, parole evidence is admissible between the parties to the instrument to show fraud, mistake, illegality, want or failure of consideration, to explain an ambiguity when such explanation is not inconsistent with the written terms, or to show that the writing is only part of an entire oral contract between the parties. Thomas v. Bryant, 597 So.2d 1065 (La.App. 2nd Cir.1992).
The parole evidence presented by the defendant is not sufficient to prove that there are material facts in dispute. The addendum to the contract specifically states that it is defendant's responsibility to cure any alleged title defects. The fact that defendant has failed to take any action to cure such alleged defects is not the responsibility or fault of the plaintiff. Therefore, there are no issues of material fact in dispute and the judgment of the trial court must be affirmed.
Defendant's second assignment of error is that the trial court erred in granting an award of 25% attorney fees in the *426 summary judgment action. Defendant alleges that there was no contractual stipulation to the amount of attorney fees, only that the mortgagor shall pay "reasonable" attorney fees. Defendant further alleges that there is nothing in the record to support the award of attorney fees in the amount of 25%.
It must be noted by this Court that the defendant has raised this issue for the first time on appeal. An issue not raised in the pleadings or in a motion for summary judgment in the court below cannot be raised for the first time on appeal. Nixon v. K & B, Inc., 93-2055 (La.App. 4th Cir. 1/19/95), 649 So.2d 1087. In the Motion for Summary Judgment, plaintiff specifically requested attorney fees in the amount of 25% of the principal and interest. Defendant did not address this issue in its Opposition to Motion for Summary Judgment. The issue has been raised for the first time on appeal. Therefore, this issue may not be addressed by the Court and must be dismissed.
In summary, the trial court did not err in granting plaintiffs Motion for Summary Judgment. There are no material facts in dispute. The issue of the reasonableness of attorney fees was not addressed by the defendant at the trial court. Therefore, it may not be addressed for the first time on appeal and must be dismissed. Finally, the judgment of the trial court did not address the reconventional demand of the defendant. Therefore, the case must be remanded to the trial court for a hearing on the reconventional demand.
AFFIRMED AND REMANDED.