757 So.2d 93 (2000)
Ruth MACK
v.
CDI CONTRACTORS INCORPORATED.
Nos. 99-CA-1014, 99-CA-1097.
Court of Appeal of Louisiana, Fifth Circuit.
February 29, 2000.
*94 T. George Delsa, Metairie, Louisiana, Attorney for Appellant.
Claire E. Breaux, Metairie, Louisiana, Attorney for Appellee, Concept Painting, Inc.
Stephen L. Huber, Fortune A. Dugan, Jr., Metairie, Louisiana, Attorneys for Appellee, Horton Drywall, Inc.
Michael K. Fitzpatrick, Mary K. Cryar, New Orleans, Louisiana, Attorneys for Appellees, Oklahoma Installation Company.
Patrick J. Hanna, Lafayette, Louisiana, Attorney for Appellee, CDI Contractors, Inc.
*95 Panel composed of Judges CHARLES GRISBAUM, Jr., SOL GOTHARD and MARION F. EDWARDS.
EDWARDS, Judge.
Plaintiff/appellant Ruth Mack ("Mack") appeals the judgment of the trial court granting summary judgment in favor of defendant/appellee CDI Contractors, Incorporated ("CDI"). Mack was an employee of Dillard's Department Store who alleges that she sustained damages caused by fumes emitted during renovation work performed by CDI and/or its subcontractors. Mack alleges that the trial court erred in granting summary judgment because the independent contractor exclusion to vicarious liability does not apply to CDI. For the following reasons, we affirm the judgment of the trial court.
On May 19, 1994, Ruth Mack sustained injuries allegedly caused by fumes emitted during restoration work being performed at Dillard's Department Store. Mack was a housekeeper in the employ of Dillard's and was injured during the performance of her duties. On May 15, 1995, Mack filed a petition for damages against CDI, the contractor hired by Dillard's to perform the restoration work. On June 12, 1995, Mack filed a supplemental and amending petition for damages against Oklahoma Installation Company ("Oklahoma"), alleging that it was liable in solido with CDI for the damages she sustained. On July 29, 1997, the petition for damages was again amended to include Horton Drywall ("Horton") and Concept Painting, Inc. ("Concept") as defendants. Horton was subcontracted by CDI to perform the drywall portion of the restoration work. Concept was subsequently subcontracted by Horton to perform the tape, float and painting portion of the restoration work.
On March 9, 1999, CDI filed a motion for summary judgment alleging that none of its employees were performing restoration work in the area of Dillard's where Mack allegedly sustained her injuries. CDI further alleged that employees of both Horton and Concept were performing their duties in the area where the injury occurred, but that CDI was not liable for the actions of these employees pursuant to the independent contractor exception to vicarious liability.
On March 18, 1999, Oklahoma filed an exception of prescription, alleging that it was not solidarily liable with CDI for the injuries sustained by Mack. The exception stated that because Oklahoma was not solidarily liable with CDI, prescription was not interrupted and the amended petition naming it a defendant was not timely filed.
On March 29, 1999, CDI's motion for summary judgment was heard before the Honorable Robert A. Pitre, Jr. of the Twenty-Fourth Judicial District Court. After a hearing on the evidence, the trial court ruled in favor of CDI, granting summary judgment that same day.
On April 8, 1999, both Horton and Concept filed exceptions of prescription in response to CDI's dismissal from the suit. Both alleged that CDI was the only party sued within the one year prescriptive period for the incident in question. Both parties further alleged that because CDI was dismissed from the suit, prescription was not interrupted against them and the causes of action had prescribed.
On April 19, 1999, the trial court granted the exception of prescription filed by Oklahoma. On May 27, 1999, the trial court granted the exception of prescription filed by Horton. On August 9, 1999, the trial court granted the exception of prescription filed by Concept.
Mack filed two separate motions for appeal, both of which were granted by the trial court. The two appeals have been consolidated and the matter is now before this Court for review.

LAW AND ANALYSIS
Mack alleges two assignments of error on appeal. In her first assignment of error, Mack alleges that the trial court erred in finding that CDI was not vicariously *96 liable for the actions of Horton and Concept under the independent contractor exclusion. In her second assignment of error, Mack alleges that the trial court erred in finding that Oklahoma was not solidarily liable with CDI for the damages she sustained. These assignments of error are without merit and the judgment of the trial court must be affirmed.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.[1] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[2]
The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case.[3] There must be a "genuine" or "triable" issue on which reasonable persons could disagree.[4]
The amended version of LSA-C.C.P. art. 966 now proclaims that the summary judgment procedure is favored and shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions.[5] Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."[6] A material fact is one that would matter on the trial of the merits.[7] Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits.[8]
In her first assignment of error, Mack alleges that the trial court erred in granting summary judgment in favor of CDI based on the finding that CDI was not vicariously liable for the actions of Horton and Concept under the independent contractor exclusion. Mack alleges that CDI is vicariously liable for the injuries she sustained as a result of the fumes emitted while Horton and Concept were performing restoration work at Dillard's. Mack alleges that since Concept was subcontracted by Horton, who in turn was subcontracted by CDI, CDI is liable for their actions in an employer-employee context. CDI's position, which was adopted by the trial court, is that Horton and Concept were both independent contractors whom CDI had no control over, and thus the independent contractor exclusion to vicarious liability must apply.
Under LSA-C.C. art. 2320, the master or employer is responsible for the damage occasioned by their servants in the exercise of the functions in which they are employed.[9] Liability only attaches, however, when masters or employers might have prevented the act which caused the damage and have not done it.[10]
*97 Before C.C. art. 2320 can apply, the plaintiff must show the existence of the employment relationship.[11] The law recognizes that inquiry to determine whether a relationship is that of independent contractor or that of mere servant requires, among other factors, the application of the principal test: the control over the work reserved by the employer.[12] In applying this test it is not the supervision and control which is actually exercised which is significant, the important question is whether, from the nature of the relationship, the right to do so exists.[13]
In determining the right of control, the court must consider several factors in the relationship.[14] Whether a party is an employee or independent contractor depends upon an analysis of these elements according to the particular facts of each case.[15] Included among the factors is the total economic relationship between the parties.[16]
The Supreme Court has set forth the characteristics of the independent contractor relationship. These characteristics are:
1. The existence of a valid contract.
2. The independent nature of the contractor's business such that the contractor may employ non-exclusive means to accomplish it.
3. The contract calls for specific piecework as a unit to be done according to the independent contractor's own methods without being subject to the control and direction of the employer, except as to the result of the services rendered.
4. A specific price for the overall undertaking is agreed upon.
5. The duration is for a specific time and not subject to termination at the will of either party without a corresponding liability for its breach.[17]
The crux of this issue is the degree of control, if any, afforded to CDI over the work performed by Horton and Concept. Pursuant to the subcontract agreement between Horton and CDI, CDI controlled the scheduling, delivery of material and time for work to start for Horton. CDI did not control the manner in which the work was performed by Horton. Horton was allowed to employ non-exclusive means to complete the work under its portion of the contract. Horton was hired specifically to perform the drywall work and was paid a specific sum to complete that portion of the renovation project. Finally, neither CDI nor Horton was allowed to terminate the contract at will without liability for the breach of contract.
Taking all of the above facts into consideration, the trial court ruled that CDI had met the criteria to prove that Horton was hired as an independent contractor for the project. We do not find that the trial court erred in this ruling. Sufficient evidence was produced to prove that CDI did not have the right to control Horton's work on the renovation project. CDI did not have a contract with Concept and did not control its work on the renovation project. The independent contractor exclusion to vicarious liability applies in this case and summary judgment was properly granted by the trial court.
In her second assignment of error, Mack alleges that the trial court erred in finding that Oklahoma was not solidarily liable with CDI for the damages she sustained. As noted above, the trial court *98 properly granted summary judgment in favor of CDI, dismissing it from the suit. As CDI was the only party timely sued in this matter, the cause of action against Oklahoma has prescribed. Prescription was not interrupted by the filing of the suit against CDI.[18] The trial court did not err in granting the exception of prescription in favor of Oklahoma, dismissing it from the suit.
In summary, it is the opinion of this Court that the trial court did not err in granting summary judgment in favor of CDI, dismissing Mack's cause of action against it. It is also the opinion of this Court that the trial court did not err in granting Oklahoma's exception of prescription and dismissing it from the suit. CDI was the only party timely sued, and due to its dismissal, an interruption of prescription did not occur. Mack's cause of action against Oklahoma has prescribed. The judgment of the trial court must be affirmed.
AFFIRMED.
NOTES
[1] Bua v. Dressel, 96-79 (La.App. 5th Cir. 5/28/96), 675 So.2d 1191; writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348; citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.
[2] Tassin v. City of Westwego, 95-307 (La.App. 5th Cir. 12/13/95), 665 So.2d 1272.
[3] Rowley v. Loupe, 96-918 (La.App. 5th Cir. 4/9/97), 694 So.2d 1006.
[4] Id. at 1008.
[5] Tonubbee v. River Parishes Guide, 97-440 (La.App. 5th Cir. 10/28/97), 702 So.2d 971.
[6] Id. at 974.
[7] J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5th Cir. 2/14/96), 670 So.2d 1305.
[8] Id. at 1308.
[9] Olivier v. Best Workover, Inc., 94-994 (La. App. 5th Cir. 1/30/96), 669 So.2d 476.
[10] Id. at 482.
[11] Id.
[12] Cooley v. Benson Motor Co. of New Orleans, 97-27 (La.App. 5th Cir. 5/28/97), 695 So.2d 1049.
[13] Id. at 1051.
[14] Olivier, supra at 482.
[15] Id.
[16] Id.
[17] Olivier, supra quoting Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972.)
[18] LSA-C.C. art. 3462; Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992).