! .EDWARDS, J..
Plaintiff/appellant Sunset Insurance Company appeals the summary judgment of the trial court rendered in favor of defendant/appellee John G. Gomila, Jr., et al. Sunset filed suit against Gomila alleging legal malpractice in the case of Comberrel v. Basford,[1] Gomila represented Sunset and allegedly made a stipulation adverse to and without the authority of Sunset. Sunset alleges that the trial court erred in granting the summary judgment in this case because there are material issues of fact in dispute. For the following reasons, we affirm the judgment of the trial court.
This dispute arises from actions taken by Gomila as the attorney for Sunset in the case of Comberrel v. Basford. In that case, Comberrel was killed in an automobile accident while working for LP & L and driving a company vehicle. The vehicle was leased from and owned by the Commonwealth Plan. Commonwealth was a wholly owned subsidiary of Bankers *84 Leasing Corporation. |aB ankers was a wholly owned subsidiary of the Southern Pacific Railway Company. The defendant in Comberrel was uninsured, so the Com-berrels sued the alleged UM carrier for Commonwealth, Sunset Insurance Company-
Sunset is an insurance company which is a wholly owned subsidiary of Southern Pacific. It was created specifically to meet the needs of Southern Pacific’s subsidiary companies, including Bankers. Policy CAGL-003 was issued by Sunset to Bankers and was originally intended to cover only six to eight corporate automobiles owned by Commonwealth, but there were ambiguities in the policy which led to a dispute in coverage.
The underwriting instructions for Policy CAGL-003 called for the inclusion of all subsidiaries of Bankers, including Commonwealth, as named insureds on the policy. The policy only listed Bankers as an insured. Also, the policy was to be limited to only six to eight corporate automobiles. This restriction was left out of the policy altogether.
Gomila was hired as. defense counsel for Sunset in the Comberrel case. Before trial began, Gomila stipulated that Commonwealth was a named insured on the Sunset policy. At the conclusion of the trial, Sunset was cast in judgment for its limits under the policy ($1,000,000.00).
On December 1, 1989, Sunset filed suit against Gomila alleging legal malpractice. Sunset alleged that the stipulation of coverage entered into by Gomila was false and was not authorized by Sunset. Gomila alleged that he was authorized to make the stipulation. He further alleged that-even if the stipulation had not been made, the same outcome would have resulted and Sunset was not harmed by his actions.
Gomila filed a motion for summary judgment on April 21, 1992. The trial court denied the motion on October 21, 1993, citing genuine issues of material |4fact. In her reasons for judgment, the trial judge stated that there was a genuine issue of fact regarding whether Commonwealth was- in fact a named insured. In addition, the trial judge noted that “[assuming that a reformation of the policy had taken place to include the Commonwealth as an insured there still would have remained a genuine issue regarding whether the reformation would have included a limitation of the covered autos to the six to eight executive vehicles and not the Comberrel vehicle.”
On November 14, 1997, Gomila filed a second' motion for summary judgment citing new developments in the law to support his claim. On December 15, 1997, the motion.was heard before the Honorable Martha Sassone of the Twenty-Fourth Judicial District Court. The matter was taken under advisement. On January 9,1998, the trial court rendered a judgment in favor of Gomila, granting his motion for summary judgment and dismissing the claim of legal malpractice brought by Sunset. A motion for new trial was filed by Sunset and denied by the trial court. Sunset filed a motion and order for appeal on January 6, 1999, which was subsequently granted by the trial court. The matter is now before this Court for review.
LAW AND ANALYSIS
Sunset alleges two assignments of error on appeal. In its first assignment of error, Sunset alleges- that the trial court erred in granting summary judgment in a legal malpractice case where genuine issues of material fact existed as to whether a stipulation was authorized by the client and whether the fact that the stipulation was false gave rise to the client’s liability. In its second assignment of error, Sunset alleges that the trial court erroneously applied the principles of Washington v. Savoie in reversing its previous finding that genuine issues of material fact exist in this case which preclude summary judgment. These assignments of error are without merit and the judgment of the trial court must be affirmed.
*85 Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.[2] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[3]
In its first assignment of error, Sunset alleges that the trial court erred in granting summary judgment because there are material issues of fact in dispute. The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case.[4] There must be a “genuine” or “triable” issue on which reasonable persons could disagree.[5]
The amended version of LSA-C.C.P. art. 966 now proclaims that the summary judgment procedure is favored and shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions.[6] Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show “that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.”[7] A material fact is one that | fiwould matter on the trial of the merits.[8] Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits.[9]
To prove a claim for legal malpractice a plaintiff must prove: (1) there was an attorney-client relationship; (2) the attorney was negligent and (3) that negligence caused plaintiff some loss.[10] In the present case, it is undisputed that there was an attorney-client relationship between Gomila and Sunset and that Sunset sustained a loss. The issue in dispute in this legal malpractice action is whether or not Gomila was negligent in entering into the stipulation which stated that Sunset provided UM coverage for Commonwealth and whether this action caused Sunset’s loss.
The material issue of fact allegedly in dispute for summary judgment purposes is whether or not the stipulation entered into by Gomila on behalf of Sunset in the Comberrel casfe was authorized by Sunset. The stipulation stated that Commonwealth was a named insured on insurance policy CAGL-003 issued by Sunset even though Commonwealth was not named on the face of the policy. Sunset alleges that not only was this stipulation not authorized, but it was false. Sunset alleges that without the stipulation, the trial court in Comberrel could not have found it liable to the plaintiffs as the UM carrier for Commonwealth.
Gomila alleges that the stipulation was authorized by John Edwards, Southern Pacific’s risk manager and spokesman for both Sunset and Commonwealth. He further alleges that even without the stipulation, the results |7of the Comberrel case would have been the same. Gomila alleges *86 that the stipulation was made to spare the needless production of documents and witnesses concerning the issue of whether or not Commonwealth was covered under the insurance policy issued by Sunset. According to Gomila, Sunset would have been held liable as the UM carrier of Commonwealth under the theory of reformation because the parties intended Commonwealth to be named as insured on-policy CAGL-003 but its name was erroneously omitted.
The trial court granted summary judgment based on the theory of reformation. It was the opinion of the trial court that Sunset would have been liable to the Com-berrels even, without the stipulation made by Gomila because the insurance policy would have been reformed to include the original intent of the parties, which was to include Commonwealth as a named insured. We do not find that the trial court erred in its reasoning. It is apparent from the record that the intent of the parties was to include Commonwealth as an insured on policy CAGL-003. The stipulation entered into by Gomila did not amount to legal malpractice as the issue of coverage was not in dispute. There are no genuine issues of material fact in dispute and the trial court’s summary judgment must be affirmed.
In its second assignment of error, Sunset alleges that the trial court erroneously applied the principles of Washington v. Savoie in reversing its previous finding that genuine issues of material fact exist in this case which preclude summary judgment. Sunset claims that there remains the disputed issue of whether it was entitled to reform the insurance policy to restrict coverage to the six to eight corporate vehicles originally intended under the policy.
In denying Gomila’s original summary judgment motion on October 21, 1993, the trial court held that there was a genuine issue of material fact | Rconcerning the possible reformation of the insurance policy to restrict coverage to the six or eight corporate vehicles originally intended by the parties. In granting Gomila’s second summary judgment motion on January 9, 1998, the trial court based its judgment on the Supreme Court’s finding in the case of Washington v. Savoie.[11]
In Washington, the Supreme Court essentially held that public policy precludes reformation of an insurance policy when the change will adversely affect the rights of persons to recover damages under the UM coverage provisions.[12] In light of this clarification, the trial court held that the insurance policy could not have been reformed to restrict coverage to the corporate vehicles, thereby denying coverage to Combarrel. The trial court held that there was no factual basis for a legal malpractice claim against Gomila and granted summary judgment. We do not find that the trial court erred in its judgment. There is no basis for a legal malpractice claim against Gomila and the motion for summary judgment was properly granted by the trial court.
In summary, it is the opinion of this Court that the trial court did not err in granting Gomila’s motion for summary judgment. There are no genuine issues of material fact in dispute. The judgment of the trial court must be affirmed.
AFFIRMED.
CANNELLA, J„ DISSENTS WITH REASONS.

. 550 So.2d 1356 (La.App. 5th Cir.1989); writ denied, 556 So.2d 1285 (La.1990).

. Bua v. Dressel, 96-79 (La.App. 5th Cir. 5/28/96), 675 So.2d 1191; writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348; citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.

. Tassin v. City of Westwego, 95-307 (La.App. 5th Cir. 12/13/95), 665 So.2d 1272.

. Rowley v. Loupe, 96-918 (La.App. 5th Cir. 4/9/97), 694 So.2d 1006.

. Id. at 1008.

. Tonubbee v. River Parishes Guide, 97-440 (La.App. 5th Cir. 10/28/97), 702 So.2d 971.

. Id. at 974.

. I.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5th Cir. 2/14/96), 670 So.2d 1305.

. Id. at 1308.

. Beis v. Bowers, 94-0178 (La.App. 4th Cir. 1/19/95), 649 So.2d 1094; writ denied, 95-0429 (La.3/30/95), 651 So.2d 847.

. 92-2957 (La.4/11/94), 634 So.2d 1176.

. Id. at 1180.