MARION F. EDWARDS, Judge, Ad Hoc.
12Pefendant/appellant, Raymond Vinet, Jr., appeals from a trial court ruling which granted summary judgment in favor of plaintiff and further dismissed Vinet’s re-conventional demand. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

On March 31, 2003, defendant, Raymond Vinet, Jr. (“Vinet”), purchased a 1996 Buick Skylark from Community Acceptance Corporation. In conjunction with the sale, Vinet executed a “Combination Promissory Note, Truth-In-Lending Disclosure Statement And Security Agreement” for the amount of $5,604.48, the terms of which called for Vinet to make twenty-four installment payments of $233.52 to Community Acceptance Corporation, beginning on May 1, 2003, at an annual percentage rate of interest of 32.99 percent.
The record shows that, following a default on the note by Vinet, Community Acceptance Corporation filed suit in the Justice of the Peace Court, Third Ward, in 13Ascension Parish. Following a judgment in favor of Community Acceptance Corporation, Vinet filed for, and was granted, a de novo appeal of the Justice of Peace Court judgment to the Parish Court for the Parish of Ascension.
On February 23, 2005, Community Acceptance Corporation filed a Motion for Summary Judgment. On March 15, 2005, Community Acceptance Corporation further filed an Exception of Prescription in Parish Court, claiming that Vinet’s recon-ventional demand based on redhibition was not timely filed. On March 15, 2005, the trial court granted Community Acceptance Corporation’s Motion for Summary Judgment and further dismissed Vinet’s recon-ventional demand.
Vinet timely filed the present appeal.

LAW AND ARGUMENT

On appeal, Vinet raises two assignments of error: (1) The District Court erred in considering and granting Community Acceptance Corporation’s Exception of Prescription filed on the morning of the summary judgment hearing, and (2) The District Court erred in granting *764 Community Acceptance Corporation’s Motion for Summary Judgment.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.[1] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[2] The appellate court must consider [4whether the summary judgment is appropriate under the circumstances of the case.[3] There must be a “genuine” or “triable” issue on which reasonable persons could disagree.[4] Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show “that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” A material fact is one that would matter on the trial of the merits.[5]
In the present case, Community Acceptance Corporation entered into evidence a Request For Admissions of Fact, along with Vinet’s answers to the Request For Admissions of Fact. Together, they read as follows:
1.On March 31, 2003 you executed a promissory note payable to the order of Community Acceptance Corporation in the sum of $5,604.48 which included $4,060.44 financed, $1,544.04 finance charges at an annual percentage rate of 32.99%, and which note is payable in 24 equal monthly installments of $233.53 each beginning May 1, 2003 with a final payment due date of April 1, 2005

ANSWER TO REQUEST FOR ADMISSION NO. 1

Admitted.
2. The contract rate as specified in the said note is 31.5% per annum.

ANSWER TO REQUEST FOR ADMISSION NO. 2

Denied32.99%
3. All payments made by you on the loan were properly credited.

ANSWER TO REQUEST FOR ADMISSION NO. 3

Admitted.
4. The correct balance due at the time suit was filed was $2,508.30 principal balance plus interest and cost.

\ ¡ANSWER TO REQUEST FOR ADMISSION NO. 4

Admitted.
5. You have made no payment since institution of suit.

ANSWER TO REQUEST FOR ADMISSION NO. 5

Admitted.
*765 6. The signature appearing on the promissory note is your true, genuine and actual signature.

ANSWER TO REQUEST FOR ADMISSION NO. 6

Admitted.
7. The note sued upon provides that in the event the same is referred to an attorney at law for collection you are liable for 25% of both principal and interest as attorney’s fees.

ANSWER TO REQUEST FOR ADMISSION NO. 7

Admitted.
At the hearing on the Motion For Summary Judgment, the trial court makes reference to Vinet’s redhibition defense raised pursuant to Code of Civil Procedure Article 424 in the Justice of the Peace Court below. LSA-C.C.P. art. 424 provides, in relevant part:
A person who has a right to enforce an obligation also has a right to use his cause of action as a defense.
Except as otherwise provided herein, a prescribed obligation arising under Louisiana law may be used as a defense if it is incidental to, or connected with, the obligation sought to be enforced by the plaintiff. A prescribed cause of action arising under The Federal Consumer Credit Protection Act may not be used as a defense even if it is incidental to, or connected with, the obligation sought to be enforced by the plaintiff.

However, in connection with the enforcement of a negotiable instrument the defense of redhibition may not be used if it has otherwise prescribed.

(Emphasis supplied.)
Ifiln regard to claims for redhibition, LSA-C.C. art. 2534 states, in relevant part:
A. (1) The action for redhibition against a seller who did not know of the existence of a defect in the thing sold prescribes in four years from the day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first.
(2) However, when the defect is of residential or commercial immovable property, an action for redhibition against a seller who did not know of the existence of the defect prescribes in one year from the day delivery of the property was made to the buyer.
B. The action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer.
As Community Acceptance Corporation correctly points out, Vinet’s own affidavits filed in opposition to the Motion for Summary Judgment establishes that he first became aware of engine defects on April 4, 2003 when the vehicle was inspected by Vinet’s mechanic, Thomas Lanoux. This inspection took place approximately four days after Vinet purchased the vehicle. The record shows that Vinet’s reconven-tional demand was not filed until October 4, 2004, nearly 18 months after he allegedly discovered the vehicle’s defects.
Pursuant to LSA-C.C. art. 2534, Vinet’s claim for redhibition is prescribed on its face and, therefore, could not be used as a defense under LSA-C.C.P. art. 424. Accordingly, we find that the trial court did not err in granting Community Acceptance Corporation’s Exception of Prescription.
Next, Vinet contends that the lower court erred in granting Community Acceptance Corporation’s Motion for Summary *766 Judgment. At the outset, we note that much of Vinet’s argument on this assignment pertains to his redhibition claim, Lwhich as we just affirmed, is prescribed. The lone issue for us to consider then, is Vinet’s claim that the promissory note/security agreement in this case is usurious.
The applicable statute governing consumer credit sales, LSA-R.S. 6:969.10, provides, in relevant part:
A. Except as otherwise provided by R.S. 6:969.11, the maximum credit service charge for any consumer credit sale that may be charged, contracted for, or received may not exceed:
(1) Class 1. For any new motor vehicle designated by the manufacturer by a year model not earlier than the year in which the sale is made: Eighteen percent per annum.
(2) Class 2. For any new motor vehicle not in Class 1, and any used motor vehicle designated by the manufacturer by year model of the same or not more than two years prior to the year in which the sale is made: Twenty-four percent per annum.
(3) Class 3. For any used motor vehicle not in Class 2 and designated by the manufacturer by year model not more than four years prior to the year in which the sale is made: Twenty-seven percent per annum.
(4) Class 4. For any used motor vehicle not in Class 2 or Class 3 and designated by the manufacturer by year model more than four years prior to the year in which the sale is made: Thirty-three percent per annum.
B. This Section does not limit or restrict the manner of contracting for credit service charges under a consumer credit sale, whether by way of precomputed interest, simple interest, or otherwise, so long as the annualized credit service charge rate computed on an actuarial or United States Rule basis over the entire scheduled term of the transaction, assuming that all payments will be made when due and disregarding the possible effects of early prepayment or acceleration of maturity, does not exceed the maximum rates permitted in this Chapter.
In the present case, Vinet purchased a 1996 Buick Skylark in 2003 when the vehicle was seven years old, thereby requiring the transaction to fall under Class 4 of LSA-R.S. 6:969.10. Under that designation, Community Acceptance Corporation could not have charged Vinet more than 33 percent per annum. In his own answer to request for admissions, Vinet stipulates that the rate charged to him |sby Community Acceptance Corporation was 32.99 percent, within the legal limits. Therefore, we find this assignment to be without merit.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. Bua v. Dressel, 96-79 (La.App. 5 Cir. 5/28/96), 675 So.2d 1191, writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348 (citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180).

. Tassin v. City ofWestwego, 95-307 (La.App. 5 Cir. 12/13/95), 665 So.2d 1272.

. Rowley v. Loupe, 96-918 (La.App. 5 Cir. 4/9/97), 694 So.2d 1006.

. Id. at 1008.

. J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5 Cir. 2/14/96), 670 So.2d 1305.