900 So.2d 116 (2005)
DJS PROPERTIES, L.L.C. and Binky's, Inc.
v.
Louis A. SAVOYE, Jr., In His Official Capacity as the Director of Jefferson Parish Department of Inspection and Code Enforcement, Jefferson Parish Board of Zoning Adjustments, and Parish of Jefferson.
No. 04-CA-1239.
Court of Appeal of Louisiana, Fifth Circuit.
March 1, 2005.
*117 Kyle Schonekas, Thomas M. McEachin, W. Patrick Klotz, New Orleans, Louisiana, for Plaintiffs/Appellees.
David L. Colvin, Johanna V. Meith, Jeffery P. Brothers, Gretna, Louisiana, for Defendants/Appellants.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and SUSAN M. CHEHARDY.
EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Louis Savoye, Jr., Director of the Jefferson Parish Department of Inspection and Code Enforcement, the Jefferson Parish Board of Zoning Adjustments, and the Parish of Jefferson, defendants-appellants, from a summary judgment ordering the Parish to issue all permits necessary for the operation of an adult video store to DJS Properties, L.L.C. and Mr. Binky's, Inc., plaintiffs-appellees. For the following reasons we vacate that judgment, and instead grant defendants' motion for summary judgment affirming the decision by the Board of Zoning Adjustments to deny the permits.
This is a zoning case. In 2000 plaintiffs filed an application for permits to open an adult video and novelty store in Jefferson Parish in a M-3 Industrial Zoning District. These permits were initially issued, but then rescinded due to confusion as to whether certain proposed changes in permitted uses in M-3 areas had been adopted by the parish. Plaintiffs brought an action in the district court, but that suit was dismissed when the parish agreed to adopt the changes that were thought to have been adopted when the first application for permits had been made. However, the release entered into by the parish in exchange for the dismissal specifically excludes "any potential future claims which may arise" in relation to permits.
Plaintiffs thereupon resubmitted their application for permits, which were again initially issued but subsequently rescinded. Louis Savoye, Jr., Director of the Department of Inspection and Code Enforcement, explained in his July 16, 2003, letter to *118 plaintiffs that the permits were rescinded because the location of the adult store was within 1000 feet of a "recreational area," specifically a golf driving range, and was thus not a permitted use at that location. Plaintiffs appealed this action to the Board of Zoning Adjustment where Mr. Savoye's decision was upheld.
Plaintiffs thereupon filed the present suit. The matter was submitted on cross-motions for summary judgment, and plaintiffs' motion was granted. In his judgment the trial judge found that the term "recreational area" was undefined, vague and subject to a case by case interpretation. He further found that because of selective enforcement of adult use restrictions elsewhere in the parish it had acted arbitrarily and capriciously in denying the permits at issue here. He therefore ordered the parish to issue the required permits. The defendants now appeal.
Pursuant to La.Code Civ. Pro., Art. 966, summary judgments shall be rendered when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Appellate courts review summary judgments de novo under the same criteria that govern the district courts' consideration of whether such judgments are appropriate. Azreme, Corp. v. Esquire Title Corp., 98-1179 (La.App. 5th Cir.3/30/99), 731 So.2d 422.
In the present case the trial judge made two legal errors. The first was that the term "recreational area" was impermissibly vague and undefined in the zoning laws. The second was to conclude that alleged selective enforcement of laws restricting the sale of adult materials was a zoning issue.
Sec. 40-522(2)(c) of the Jefferson Parish Comprehensive Zoning Ordinance (CZO) prohibits adult establishments within 1000 feet of "recreational areas." Plaintiffs urged successfully in the district court that because the term "recreational areas" was not further defined as including golf driving ranges in this section of the ordinance, it was impermissibly vague and did not provide a proper basis for denying the permits because of the proximity of this facility. However, La. Civ.Code Art. 13 provides that laws on the same subject matter must be interpreted in reference to each other. Appellants point out a number of other sections in the CZO where the term "recreational area" is defined as including golfing activities. Preliminarily, Sec. 40-62(7) lists as a permitted use in B-1 districts "Golf courses and golf practice ranges." In Sec. 40-92(11) permitted uses in R-1A districts include "Recreational uses, such as tennis courts, swimming pools, golf courses for clubs, commercial and/or private...." Similarly, Sec. 40-217(22) list permitted uses in RR-1 districts in the same language as that used in Sec. 40-92(11). Finally, Sec. 40-3, dealing with definitions and interpretation of terms states that words or phrases shall have the "meaning of common usage which gives this ordinance its most reasonable application." Considering the above sections of the CZO together, we conclude that the most reasonable interpretation of the term "recreational areas" would include golf driving ranges. Therefore, the adult store proposed by plaintiffs within 1000 feet of the driving range is not a permitted use of the property, and the judgment ruling otherwise must be reversed.
Plaintiffs' second basis for relief is their allegation that other video stores in the parish are dealing in adult merchandise in violation of zoning restrictions at their locations, and that the parish authorities are not enforcing the restrictions. The trial judge found that the alleged failure of the parish to properly police these *119 other businesses for violations rendered their denial of permits to plaintiffs arbitrary and capricious, even though supported by the CZO. This was error.
The allegations are not that the zoning authorities have been issuing permits for adult stores where prohibited by the CZO, but only that certain outlets licensed to conduct permitted businesses were engaging in illicit conduct. Such conduct, even if less than adequately policed by the authorities, can hardly lead to a situation where zoning restrictions on adult outlets must be abandoned. We therefore reject the conclusion that the parish was arbitrary and capricious in rejecting plaintiffs' application for permits to operate an adult store at the location in question.
For the foregoing reasons the judgment granting plaintiff's motion for summary judgment is set aside, and the defendants' motion for summary judgment upholding the denial of the permits at issue here by the Jefferson Parish Board of Zoning Adjustments is hereby granted.
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SET ASIDE. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT GRANTED.