CLARENCE E. McMANUS, Judge.

\ STATEMENT OF THE CASE

This case stems from an automobile accident that occurred on February 23, 2001 at the intersection of Jefferson Highway and Marmandie Ave. in Jefferson Parish, Louisiana. Stephen Laird was the driver of a Honda Accord traveling eastbound on Jefferson Highway. There were five passengers in the vehicle: Deborah Laird, Virginia Weaver, Tammy Thornton, Jenny Kimball, and Lyricka Gates. Laird ai> tempted a left turn onto Marmandie Ave. and while crossing the westbound lanes of Jefferson Highway, his vehicle was struck by a Lincoln Towncar driven by Frank Malinda and owned by Nicoll’s Limousine Service, Inc. Two passengers in the Honda Accord driven by Laird died as a result of the accident and the others were seriously injured.
Shrubs, bushes, trees and flowers were planted in the neutral ground of Jefferson Highway at the intersection with Marman-die Avenue where Laird attempted the left turn. The parents of each of the minor passengers in Laird’s vehicle filed lawsuits against Malinda, Nicoll’s Limousine Service, Jefferson Parish, the East Jefferson Levee District (“the Levee District”), Creekwood Mark Twain II Limited Partnership (“Creekwood”), Louisiana Landscape Specialty (“Louisiana Landscape”), its insurer Massachusetts Bay Insurance Company, and Travelers Insurance Company. These lawsuits were consolidated in the trial court. The plaintiffs claim the overgrown plants in the neutral ground obstructed the view Lof both Laird and Malinda and neither driver saw the other before the impact. The plaintiffs claim maintenance of the neutral ground was the responsibility of Jefferson Parish, the Levee District, Creekwood, and Louisiana Landscape.
Jefferson Highway, on which the accident took place, is Louisiana State Highway 48. The Louisiana Department of Transportation and Development (“DOTD”) is responsible for maintaining all state highways. With regards to Jefferson Highway, the DOTD had entered into a contract with the Levee District, entitled “Maintenance Agreement Including Mowing and Litter Pickup”, that took effect on July 1, 2000 for a term of one year, so it was in effect at the time of this accident. According to the agreement, the Levee District would pick up litter, mow, cut vegetation, including shrubs, bushes & trees on the neutral ground if it created a traffic hazard. At the time of the accident, some vegetation did exceed the height regulations.
Creekwood Mark Twain II Limited Partnership owns and operates an apartment complex near the accident site. Creekwood entered into an agreement with Jefferson Parish Department of Parkways to “adopt” the neutral ground area in question and provide horticulture or maintenance services on the neutral ground of Jefferson Highway between Marmandie and Upland beginning on February 5, 1990. Creekwood retained Louisiana Landscape to maintain the lawns and shrubbery at the apartment complex. Creekwood later asked Louisiana Land *765 scape to maintain the adopted neutral ground including the lawn, trees, bushes and shrubs. Louisiana Landscape was maintaining the neutral ground at the time■■ of the accident.
On June 18, 2004, the Levee District filed a motion for summary judgment. The Levee District argued that it did not maintain the neutral ground at issue and did not have care, custody, or control of the neutral ground. The Levee District 1 Ralso argued it did nothing to cause the accident, therefore, it was entitled to summary judgment. In its memorandum in support of the motion for summary judgment, the Levee District argued it could not be held liable under La. C.C. art. 2315 or La. C.C. art. 2317 and art. 2317.1. The plaintiffs’ petitions alleged damages under the duty/risk analysis of La. C.C. art. 2315. A defendant may be held liable for the damages of the plaintiff under that article if the conduct of the defendant was a cause in fact of the harm to the plaintiff, if the defendant owed a duty to the plaintiff, if the duty was breached, and the risk and harm caused were within the scope of protection of the duty breached. The plaintiffs in this case also alleged damages under La. C.C. art. 2317 and art. 2317.1. Under those, articles, a defendant may be held liable for the damages caused by things in the defendant’s custody and control if the defendant knew, or should have known, of the vice or defect, the defect caused the damages, the damages could have been prevented by the exercise of reasonable care, and the defendant failed to exercise reasonable care. Further, under La. R.S. 9:2800, if the defendant is a public entity, liability will not be imposed unless there was notice of an unreasonably dangerous condition and a reasonable opportunity to correct the condition.
The Levee District argued in support of its motion for summary judgment that plaintiffs were unable to prove it was liable for damages under the above discussed theories, therefore, it was entitled to summary judgment. The Levee District first argued it did not have care, custody or control of the neutral ground at issue in this case, nor did it have a duty to maintain the neutral ground. It argued the care, custody and control had been transferred to Creekwood, the apartment complex, pursuant to the Letter of Agreement between Creekwood, then known as Tonti Management, and The Parish of Jefferson through the Department of Parkways. The Levee District also argued it had no notice of any risk and did not [ ^contribute to the accident. Therefore, it argued it was not liable to plaintiffs and was entitled to summary judgment.
The trial court held a hearing on the motion for summary judgment on August 16, 2004. On September 13, 2004 the trial court issued a judgment granting the motion for summary judgment in favor of the Levee District. The trial court found that the Levee District did not have care, custody or control of the area in question and the trial court stated that was the reason it was granting the motion for summary judgment. On September 29, 2004, the trial court signed an Order Amending Judgment and Designating Judgment as Final. By that judgment the trial court amended the September 13, 2004 judgment to reflect it is applicable to all consolidated matters and the trial court designated the judgment as a final judgment. Plaintiffs Weaver, Kimball, Gates, and defendant Louisiana Landscape now appeal the trial court’s judgment granting summary judgment and dismissing all claims against the Levee District.

DISCUSSION

On appeal, plaintiffs Weaver, Kimball, and Gates and defendant Louisiana Landscape argue the trial court incorrectly granted the motion for summary judgment *766 in favor of the Levee District because genuine issues of material fact exists regarding the liability of the Levee District as a result of a contract with the Louisiana DOTD to maintain the neutral ground.
For the reasons which follow, we agree with the trial court and affirm the granting of the Levee District’s motion for summary judgment. We agree that no genuine issues of material fact exists and the Levee District is entitled to judgment as a matter of law.
LSA-C.C.P. art. 966(B) provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, ^together with the affidavits show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. Appellate courts review summary judgments de novo under the same criteria that govern the district courts’ consideration of whether such judgments are appropriate. DJS Properties, L.L.C. v. Savoye, 04-1239, (La.App. 5 Cir. 3/1/05), 900 So.2d 116, writ denied, 2005-0836 (La.5/13/05) 902 So.2d 1026.
The Levee District entered into a contract with the Louisiana DOTD on July 1, 2000 that applied to the neutral ground at issue and that contract was in effect until June 30, 2001, during which time this accident occurred. According to the Maintenance Agreement, the Levee District was to pick up litter, mow, cut grass, weeds, trees and other vegetation on the neutral ground along Jefferson Highway, including the portion of the highway involved in this accident.
However, Creekwood had entered into an agreement with Jefferson Parish Department of Parkways to “adopt” this portion of the neutral ground, between Mar-mandie Ave. and Upland St. beginning on February 5, 1990. According to that agreement, Creekwood agreed to pick up litter and debris five times a week, cut the grass once a week, remove weeds and vines from around plants, water the plants as needed, and plant, replace and maintain plants in accordance with a plan approved by the Department of Parkways. Creek-wood maintained the neutral ground at issue since 1990. Creekwood retained the services of Louisiana Landscape to plant bushes, shrubs, trees and other plants in the neutral ground and maintained the lawn, trees, bushes, shrubs, and plants, just as it maintained the lawns and shrubs on the rest of Creekwood’s property.
The Levee District did not maintain the neutral ground area at issue in this case. Creekwood and Louisiana Landscape did all work and maintenance on this area. Robert H. Ferrara, the Maintenance Superintendent for the Levee District, |sand Superintendent of Operations at the time of the accident, testified in his deposition that Tonti Management, the company that managed the Creekwood apartments, orally requested that the Levee District not cut the grass in the neutral ground area in front of the apartment complex. Tonti Management asked the Levee District to bypass the area because the equipment used by the Levee District did not give the finished fine cut Tonti wanted. Tonti indicated it would maintain the area.
Margaret Rappold, general manager for Tonti Properties, the marketing name for Creekwood, testified in her deposition that Creekwood did enter into an agreement with Jefferson Parish to maintain the neutral ground area in front of the apartment complex. She stated that Creekwood mowed the grass, picked up the trash, planted and maintained the vegetation on the neutral ground. In addition, Deborah Trittle, property manager for Creekwood and Tonti Properties, testified in her deposition that Louisiana Landscape maintained the apartment complex grounds and the neutral ground once a week. She stated that Louisiana Landscape had been do *767 ing that work since 1998. James Ray Payne, a service technician with Tonti Properties, testified that Louisiana Landscape took care of all the trimming, cutting, and maintenance of the bushes and shrubs in the neutral ground. Finally, Randy Loup, the president of Louisiana Landscape, testified by deposition that Louisiana Landscape cut the grass on the neutral ground and maintained the bushes and trees.
Therefore, we agree with the trial court’s finding that the Levee District did not have care, custody or control of the neutral ground. Since, the Levee District did not have care, custody or control of the neutral ground area, it cannot be held liable for failing to properly maintain the neutral ground. Thus, we find the trial court correctly granted summary judgment in favor of the Levee District.
| ^Accordingly, the judgment of the trial court granting summary judgment in favor of the East Jefferson Levee District is affirmed.

AFFIRMED.