LEMMON, Justice,
concurring in the decision on partial rehearing.
This case presents the question of when a party must take protective action after another party has filed an appeal (or an application for certiorari to the supreme court).
The purpose of an appeal is to have a judgment of a trial court revised, modified, set aside or reversed by an appellate court. La. C.C.P. art. 2082. An appeal is taken by filing a petition or motion for appeal within the delay allowed in the court which rendered the judgment. La. C.C.P. art. 2121; Traigle v. Gulf Coast Aluminum Corp., 399 So.2d 183 (La.1981).
When one party has taken a timely appeal, La. C.C.P. art. 2133 provides that it is necessary for the appellee to answer the appeal only when the appellee desires to seek modification, revision or reversal of the judgment.[1] Therefore, when the appel-lee does not desire to seek modification, revision or reversal of the judgment below, there is no necessity for an appeal or an answer to the appeal.
Nevertheless, when only the appellant has taken an appeal, the appellee is still a party to the appeal. As such, the appellee has the right to present arguments in support of any portion of the judgment in his favor:[2] In this respect the appellee may present any argument supported by the record, even if the lower court has rejected (in obvious dicta), pretermitted or ignored the argument.[3] 9 Moore’s Federal Practice ¶ 204.11[2] (2nd ed. 1948). It is only when the appellee desires to attack any portion of the judgment against him that he must appeal or answer the appeal in order to present arguments supporting that attack.
The general principle that the appellee’s right to present any argument in support of any portion of the judgment of the lower court in his favor does not require a protective appeal applies equally to the necessity of protective applications for certiorari. When this court grants one party’s applica *1338 tion for certiorari, the respondent is still a party to the proceeding and has the right to present arguments in support of any portion of the judgment of the appellate court in his favor which is supported by the record, even if the appellate court in its reasons rejected, pretermitted or ignored the argument.[4] It is only when the respondent desires to attack a portion of the judgment of the appellate court against him that he must apply for certiorari in order to present those arguments supporting that attack.
In the present case plaintiff demanded certain worker’s compensation benefits. Defendant asserted two defenses, lack of subject matter jurisdiction and non-entitlement to all or part of the benefits demanded. Either of these defenses would have prevented plaintiff’s recovery in this action, in whole or in part. The trial court ruled against defendant on both issues, but defendant’s timely appeal kept the judgment on these defenses from becoming res judi-cata. The court of appeal, by reversing on the jurisdiction issue, did not reach the defense of non-entitlement to benefits. Neither this court’s granting of plaintiff's application for certiorari nor our subsequent reversal of the appellate court on the jurisdiction issue affected the viability of the non-entitlement defense. Accordingly, this court on rehearing has properly remanded the case to the court of appeal to review this still viable defense. Our original decision requiring defendant to have sought certiorari from the appellate court’s judgment (dismissing plaintiff’s suit in its entirety) in order to preserve the non-én-titlement defense would have established a technical requirement absolutely devoid of utility.
I further disagree with Justice Dennis’ view that this court, after granting certio-rari to the plaintiff and reversing the court of appeal on the sole defense adjudicated by this court, had the discretion to refuse to remand the case to the court of appeal to consider the still viable alternative defense that might preserve all or part of the appellate court’s judgment which was entirely favorable to respondent.[5] In my view this court had no discretion to deprive respondent of any defense not adjudicated against respondent by a definitive judgment of any court.[6] This court’s only discretion, therefore, was either to remand the case to the court of appeal to decide the still viable defense or to decide the validity of the defense ourselves.

. Of course, an appellee can seek modification, revision or reversal of the judgment by filing a separate appeal within the delay allowed for appealing.
The jurisprudence has established that an ap-pellee can use an answer to the appeal only to obtain modification of that portion of the judgment rendered against the appellee and in favor of the appellant The appellee cannot use an answer to the appeal to obtain modification of the judgment as to another appellee, but must take an independent appeal from the judgment. Giroir v. Theriot, 498 So.2d 762 (La.App. 1st Cir.1986); Francois v. Ybarzabal, 469 So.2d 1001 (La.App. 5th Cir.1985).

. A party who fails to appeal timely allows the judgment to become definitive and to acquire the authority of the thing adjudged. La. C.C.P. art. 1842 and 2166; La. C.C. art. 3556(31). A party may prevent the judgment from becoming res judicata by appealing. When (as in this case) a judgment is entirely favorable to a party, it is evident that the party has no reason to prevent the judgment from becoming res judica-ta. However, when a judgment is favorable in part and unfavorable in part to a party, the party must appeal in order to prevent the unfavorable portion from becoming res judicata, but still has no reason to prevent the favorable portion of the judgment from becoming res judica-ta.
When the appellant’s appeal prevents the portion of the judgment in favor of the appellee from becoming res judicata, the appellee who wishes to maintain that portion of the judgment has the same right as the appellant to present any argument supported by the record which is pertinent to the portion of the judgment being appealed. On the other hand, the appellee has no right to present arguments as to any portion of the judgment against the appellee which became res judicata because the appellee failed to appeal or to answer the appeal timely. Judgments or partial judgments may become res judicata, but arguments do not, even if the arguments were rejected, pretermitted or ignored by the lower court.

.A recent decision of this court under our appellate jurisdiction illustrates the point. In Mire v. City of Lake Charles, 540 So.2d 950 (La.1989) plaintiff sought a judgment declaring an occupational license tax unconstitutional on two grounds. The trial court ruled the statute unconstitutional on one ground. The defendant appealed directly to this court from the judgment which merely declared the statute unconstitutional without indicating the basis for the decision. This court reversed the trial court and held that the statute was constitutional, but did not require the plaintiff to take a useless "protective” appeal in order to argue the alternative ground that had been asserted in the trial court. Of course, a party appeals only from a judgment and not from reasons for judgment.

. In Montgomery v. Opelousas General Hospital, 540 So.2d 312 (La.1989), plaintiff demanded damages for personal injuries. The trial court rendered judgment holding the defendants liable and awarding damages. Defendants appealed, attacking the judgment on both the liability and quantum determinations. Because the court of appeal reversed on liability, it was not necessary to review the quantum portion of the judgment.
After granting certiorari, this court reversed on the liability issue. However, since no judgment had ever become res judicata as to defendants’ defense based on quantum, this court remanded to the court of appeal to consider that still viable defense.

. The granting of certiorari, of course, is discretionary with the court. Moreover, this court has the further discretion to limit a grant of certiorari to one or several specific issues in the application, and such a limitation denies certio-rari as to the other demands or defenses presented by the applicant. Upon that denial, the portion of the judgment below against the applicant on those demands or defenses becomes definitive and acquires the authority of the thing adjudged.

.This court decided the jurisdiction defense adverse to respondent, and the judgment denying that defense becomes definitive by our partial denial of rehearing. However, no judgment by any court denying the defense of non-entitlement to benefits ever acquired the authority of the thing adjudged.