| .MARION F. EDWARDS, Judge.
Plaintiff/Appellant Clay Callaghan appeals the summary judgment which dismissed his claim against defendant State Farm Mutual Automobile Insurance Company. Callaghan alleges that the trial court erred in finding that no issues of genuine material existed. For the following reasons, we reverse.
On October 29, 1997, Plaintiff/Appellant, Clay Callaghan, (“Callaghan”), was involved in an automobile accident in Metair-ie, Louisiana, wherein the rear of his vehicle was struck by another car after coming to an abrupt stop in traffic. Callaghan claimed to have sustained a range of injuries as a result of the impact, including aggravation of a pre-existing back condition caused in a September 1997, auto accident. At the time of the collision, the other driver, Eileen Weidemann, had a liability insurance policy in place, underwritten by State Farm Mutual Automobile Insurance Company, (“State Farm”), which provided coverage of $50,000.00 per person and $100,000.00 per accident. Callaghan, himself, also had a policy in place | .underwritten by State Farm which included $10,000.00 of uninsured motorist coverage.
Callaghan did not file suit against Weid-emann, having retained counsel after prescription had expired on that particular claim. On October 28, 1999, Callaghan filed suit against State Farm in First Par *522 ish Court, for the Parish of Jefferson, to recover against the uninsured motorist provision in his own policy.
State Farm filed a Motion for Summary Judgment on June 22, 2000, asserting that as an Uninsured Motorist Carrier, it was entitled only to pay the portion of Callaghan’s damages which exceeded the under insured tortfeasor’s policy of $50,000.00. State Farm further asserted that the value of Callaghan’s injuries did not exceed the $50,000.00 threshold. On September 25, 2000, Judge Ad Hoc, Walter Collin, granted State Farm’s Motion for Summary Judgment. Callaghan timely filed his Motion for Appeal, which was granted on November 15, 2000.

Law and Analysis

On appeal, Callaghan asserts that the trial court acted erroneously in granting State Farm’s Motion for Summary Judgment and finding that no issues of material fact existed. Callaghan further argues that the trial court abused its discretion in three ways by granting the Summary Judgment: 1) By finding that he could not have proven that the value of his injuries exceeded $50,000.00; 2) By determining that by virtue of the fact that Callaghan filed his claim in a court of limited jurisdiction, that he was admitting that his claim was not worth more than the jurisdictional limit of $20,000.00; and 3) By not allowing his case to transfer to the 24th Judicial District Court. State Farm responds that Summary Judgement was properly granted since it was established that there was a valid underlying liability policy in effect at the time of the accident, which provides credit to State Farm for [¿the first $50,000.00 of Callaghan’s damages before the UM coverage becomes effective. State Farm further argues, as it did at trial, that Callaghan’s petition does not allege any type of injury which would exceed the $50,000.00 threshold.
While Callaghan alleges that the trial court erred in failing to find issues of material fact regarding the value of his injuries, it is necessary that the prerequisite issue of the jurisdictional limit of his claim first be addressed. Although no written reasons were given by the trial court for judgment, it appears from the record that a central issue considered was whether or not Callaghan’s claim for the $10,000.00 UM policy exceeded the jurisdictional limit of First Parish Court, which is $20,000.00.[1] At the trial on the Motion for Summary Judgment, counsel for State Farm urged that in order the Court to make a determination as to whether Callaghan was entitled to make a claim against the UM policy, it would first have to determine that Callaghan’s damages exceeded $50,000.00, the limits of the underlying policy. State Farm further argued that for such a determination to be made, it would require that the trial court exceed its jurisdictional limits for an amount in controversy.
In Benoit v. Allstate Insurance Company,[2] this Court noted that in a claim against an uninsured motorist policy, the plaintiffs cause of action is limited to the actual monetary limits of the uninsured motorist policy, even though he must first prove injuries in excess of the tortfeasor’s insurance coverage.[3] Similarly, in the present case, although Callaghan would first have to show damages in excess of $50,000.00 in order to recover against the *523 UM policy, the actual amount in | scontroversy is only $10,000.00, which is well within the “amount in controversy” limit of First Parish Court. Therefore, we conclude that First Parish Court was a proper venue in which Callaghan’s claim could be filed, and that the “amount in controversy” of Callaghan’s claim is actually $10,000.00. In a related issue, Callaghan has also asked this Court to consider whether the trial court erred in not transferring his claim to the 24th Judicial District Court, should we hold that his claim exceeded the jurisdictional limits of First Parish Court. Based on the foregoing, however, we find that this issue is not relevant to the proceedings.
We now turn to Callaghan’s assertion that summary judgment was improperly granted because of a genuine issue of material fact regarding quantum of his injuries. Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.[4] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[5] The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case.[6] There must be a “genuine” or “triable” issue on which reasonable persons could disagree.[7] Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show “that there is no genuine issue as to material fact and |fithat the mover is entitled to judgment as a matter of law.” Material facts are those that have the potential to insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of a legal dispute.[8]
In Azreme, Corp. v. Esquire Title Corp.,[9] we noted that if the supporting documents produced by the mover in a summary judgment are not sufficient to resolve all material fact issues, then summary judgment must be denied.[10] In this case, State Farm did not offer any evidence into the record in support of its claim that Callaghan’s alleged injuries could not have exceeded $50,000.00. Conversely, in his petition, Callaghan claims “severe injuries” resulting from the auto accident with Weidemann, including damage to “muscles, ligaments, tendons, blood vessels, nerves and other soft structures of the cervical, lumbar, and thoracic regions of the spine.” In Callaghan’s Opposition to the Motion for Summary Judgment, he claims that an MRI shows that he developed three herniated discs as a result of the accident. As State Farm has not produced supporting documentation in its Motion for Summary Judgment refuting Mr. Callaghan’s claim that the value of his injuries exceeds $50,000.00, we find that *524 this issue of material fact still exists. Therefore, summary judgment was improperly granted on these grounds.
In summary, we conclude that Callaghan’s claim did not exceed the amount in controversy limits of First Parish Court. We further conclude that a genuine issue of material fact exists regarding the value of Callaghan’s alleged injuries, which precluded the granting of summary judgment in favor of State Farm. For the above |7stated reasons, the judgment of the trial court must be reversed.
REVERSED.

. La. C.C.P. Art 4842(A).

. 99-C-889 (La.App. 5 Cir.2000), 751 So.2d 423; Writ granted, 759 So.2d 768 (La.4/20/2000);

. Benoit v. Allstate Insurance Company, 99-C-889 (La.App. 5 Cir.2000), 751 So.2d at 425.

. Bua v. Dressel, 96-79 (La.App. 5th Cir.5/28/96), 675 So.2d 1191; writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348; citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.

. Tassin v. City of Westwego, 95-307 (La.App. 5th Cir. 12/13/95), 665 So.2d 1272.

. Rowley v. Loupe, 96-918 (La.App. 5th Cir.4/9/97), 694 So.2d 1006.

. Id. at 1008.

. Hooper v. State Farm Mut. Auto. Ins. Co., 00-1509 (La.App. 5 Cir. 1/23/01), 782 So.2d 1029, 1031.

. 98-1179 (La.App. 5 Cir. 3/30/99), 731 So.2d 422.

. Id. at 425.