PER CURIAM.
|, Finding the court of appeal erred in granting the .exception of lack of subject matter jurisdiction filed by State Farm Mutual Automobile Insurance Company (State Farm), we grant this writ to reverse that ruling and remand the case to the court of appeal for briefing and opinion regarding the calculation of damages that may be awarded to the plaintiffs, individually, within the jurisdictional limits of the Alexandria City Court.[1]
Audrey Thompson filed the instant suit in Alexandria City Court, seeking damages for injuries stemming from an automobile accident that occurred when the vehicle driven by Chad Harp rear-ended the vehicle driven by Susan Young, triggering a chain of events wherein the Young vehicle rear-ended the Thompson vehicle, which, in turn, rear-ended the vehicle driven by Eli Novakovich, which vehicle, in turn, rear-ended the vehicle driven by Alex Tou-lomelis. As a result, Audrey named Chad Harp, the driver allegedly at fault, and his insurer, State Farm, as defendants. Moreover, given the number of potential personal injury claimants and |2her belief the $300,000 per accident coverage limit of State Farm’s policy was “inadequate to cover the amount of damages suffered,” Audrey also named as a defendant her uninsured/underinsured motorist (UM) insurance carrier, Government Employees Insurance Company (GEICO). Audrey’s husband, Charles Thompson, joined the suit, seeking damages for loss of consortium on his own behalf and damages for medical expenses and “loss of the wife’s income” on behalf of the marital community.
In their petitions, the Thompsons explicitly limited their damages to the “jurisdictional maximum” of the Alexandria City Court:
The plaintiffs, AUDREY THOMPSON and CHARLES THOMPSON, maintain a cause of action for which the defendants are jointly and solidarity liable for damages in an amount less than the jurisdictional maximum of this court, said sums to be determined by this court, plus legal interest thereon from date of judicial demand, until paid in full, plus all costs of court, for the reasons set forth below.
Plaintiffs further prayed:
That after all legal delays and due proceedings had, there be judgment in favor of plaintiffs, AUDREY THOMPSON and CHARLES THOMPSON, and against the defendants, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, CHAD HARPE [sic], and GOVERNMENT EMPLOYEES INSURANCE COMPANY, a/k/a *1273 GEICO, for all damages claimed herein, individually, jointly and in solido, in a sum reasonable within the premises herein, yet within the jurisdictional limits of this court, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings....
This prayer was reiterated in plaintiffs’ “First Amended and Supplemental Petition.”
In conformity with its jurisdictional limit, the Alexandria City Court entered judgment,[2] awarding Audrey $50,000 in general damages and awarding Charles, on |shis own behalf, $20,000 for loss of consortium, and $30,000 for past and future medical expenses on behalf of the couple’s community.[3]
After appeal, but prior to submission to a panel, State Farm filed an exception of lack of subject matter jurisdiction, which the court of appeal granted, finding the pleadings demonstrated the amount in dispute exceeded $50,000:
Both the petition and the amended petition include GEICO as a defendant in its capacity as a UM insurer. In their amended petition, the plaintiffs alleged that, in addition to the State Farm policy previously identified in the petition, that coverage from the accident could also exist under the State Farm policy alleged to cover Mr. Harpe’s [sic] personal vehicle![4] Under both petitions the plaintiffs alleged that these policies were believed to be inadequate to cover the plaintiffs’ damages, requiring GEI-CO’s presence as the UM provider. Further, subsequent pleadings such as a motion for summary judgment filed by GEICO, which was denied by the trial court, and the motion for partial summary judgment filed by the plaintiffs, which was granted by the trial court, revealed that the State Farm policy limits ($100,000 per person and $800,000 per accident) well exceeded the city court’s jurisdictional limits. Considering the pleadings’ allegations as to damages exceeding these policy limits, the allegation and subsequent determination that Mr. Harpe [sic] was one hundred percent at fault, and the plaintiffs’ pur *1274 suit of the UM proceeds, it was obvious that the amount in dispute exceeded the $50,000 jurisdictional limit. At that time, the trial court was required to transfer the action to a court of competent jurisdiction pursuant to La.Code Civ.P. art. 4841(C).
Thompson v. State Farm Mut. Auto. Ins. Co., 09-1869, pp. 5-6 (La.App. 3 Cir. 4/7/10), 34 So.3d 1053. Accordingly, the court of appeal vacated the entirety of the lower court’s judgment as a nullity and remanded this matter to the Alexandria City |4Court for the sole purpose of transferring the action to a court of competent jurisdiction. Id. However, after careful study, we find the court of appeal erred in its reading of plaintiffs’ petitions and our Code of Civil Procedure provisions governing the subject matter jurisdiction of city courts, as discussed in detail below.
In accord with the provisions of La.Code Civ. Proc. art. 4841, the subject matter jurisdiction of city courts is limited by the nature of the proceedings and by the amount in dispute, which amount is determined by the amount demanded. See La.Code Civ. Proc. art. 4841(A) & (B). Likewise, La.Code Civ. Proc. art. 4 provides:
When the jurisdiction of a court over the subject matter of an action depends upon the amount in dispute, or value of the right asserted, it shall be determined by the amount demanded, including damages pursuant to Civil Code Articles 2315.3 and 2315.4, or value asserted in good faith by the plaintiff, but the amount in dispute does not include interest, court costs, attorney fees, or penalties, whether provided by agreement or by law. (Emphasis added).
Moreover, under the provisions of La.Code Civ. Proc. art. 5, “[w]hen a plaintiff reduces his claim on a single cause of action to bring it within the jurisdiction of a court and judgment is rendered thereon, he remits the portion of his claim for which he did not pray for judgment, and is precluded from demanding it judicially.” The amount demanded by the plaintiff is the test for the subject matter jurisdiction of a city court. See La.Code Civ. Proc. arts. 4 and 4841.
As evident in the portions of the petitions cited above, both plaintiffs limited them demands to “an amount less than the jurisdictional maximum of .... yet within the jurisdictional limits of [the Alexandria city] court.” Moreover, as previously discussed, plaintiffs only brought their actions against GEICO because they believed the $300,000 coverage limit of State Farm’s policy would be inadequate to cover the damages they suffered, given the number of potential personal injury claimants, whose claims could effectively diminish the underlying liability coverage available |5to them. Significantly, the pleadings demonstrate the plaintiffs never sought to recover damages beyond the jurisdictional limits of the city court, but rather merely sought to ensure recovery by proceeding first against the tortfeasor’s insurer, State Farm, and then against their UM insurer only to the extent their damages exceeded the underlying coverage afforded by and available to them under the tortfeasor’s State Farm policy. Therefore, contrary to the appellate court’s conclusion, subject matter jurisdiction always properly rested in the Alexandria City Court.
However, the issue of the calculation of damages as to each plaintiff, individually, has not been addressed by the court of appeal. More particularly, the court of appeal must consider whether the city court erred in awarding Charles $30,000 for community-incurred medical expenses after awarding Audrey the jurisdictional *1275 limit[5]. Therefore, the case is remanded for this purpose.
DECREE
Accordingly, we find the court of appeal erred in granting the exception of lack of subject matter jurisdiction, and reverse that ruling. We remand the case to the court of appeal for briefing and opinion to consider whether the award to Charles Thompson of $30,000 on his claim on behalf of the community for medical expenses was within the jurisdictional limits for the Alexandria City Court, in all other respects, the judgment of the trial court is reinstated.
WRIT GRANTED; COURT OF APPEAL JUDGMENT REVERSED and CASE REMANDED.
KNOLL, J., concurs in part, dissents and assigns reasons.

. This jurisdictional limit is set forth in La. Code Civ. Proc. arts. 4843(H) and 1732(1). La.Code Civ. Proc. art. 4843(H) provides: "In the City Court of Alexandria and the City Court of Pineville, the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed the amount provided in Article 1732(1) for purposes of demanding a jury trial.” La.Code Civ. Proc. art. 1732(1) provides: "A trial by jury shall not be available in: (1) A suit where the amount of no individual petitioner’s cause of action exceeds fifty thousand dollars exclusive of interest and costs.”

. Prior to trial in this matter, the Alexandria City Court denied GEICO's motion for summary judgment, in which GEICO sought to be dismissed given State Farm’s policy provided coverage well exceeding the jurisdictional limits of the city court, and allowed plaintiffs to proceed against GEICO only if State Farm became insolvent and to the extent their damages exceeded the underlying coverage afforded by Harp’s policy. The trial court also entered partial summary judgment in favor of plaintiffs, (1) assigning 100% fault to Harp, (2) establishing State Farm provided coverage of $100,000 per person and $300,000 per accident, and (3) finding GEICO afforded UM benefits.

. Specifically, the trial court awarded $8,129.52 in past medical expenses and $21,870.48 in future medicals. The court also ordered GEICO be reimbursed for the $5,000 it paid under the medical pay portion of its policy from the community's award. Additionally, in its reasons for judgment, the trial court explained that, although Audrey’s injuries justified a general damage award in excess of $100,000 and the community would incur medical expenses totaling in excess of $117,000, it limited its awards in accordance with its jurisdictional limits. The court also found "the jurisdictional limit of the court falls within the liability limits of the policy issues by State Farm and accordingly, the claim against GEICO is dismissed.” This dismissal, however, was not included in the judgment. Also in its reasons, the trial court awarded Charles "$654.91 ... for the past lost wages of the community,” but this award was not reflected in the judgment.

. This claim against State Farm was dismissed by the trial court on plaintiffs’ motion. All rights against Harp and State Farm in its capacity as the liability insurer of the vehicle involved in the accident were reserved.

. In fleshing out this issue, we direct the parties and the court of appeal to consider whether an award to Charles on his claim for medical expenses on behalf of the community also inures to the benefit of Audrey who has already been awarded her jurisdictional limit. Due consideration should also be given to the question of whether Audrey’s cause of action as a result of the car accident can be divided. See also Russell v. Shelter Mutual Ins. Co., 09-1451 (La.App. 3 Cir. 5/5/10), 38 So.3d 561, writs denied, 10-1374 (La.9/24/10), 45 So.3d 1075.