CARAWAY, J.
_JjThe victim of an automobile accident originally filed suit against the tortfeasor and the liability insurer in Monroe City Court. Subsequently, the victim added her underinsured motorist (UM) carrier. Before trial, the victim settled with the tortfeasor and her liability insurer for the policy limits of $25,000, reserving rights against the UM carrier. By summary judgment, the UM sought to have the claims against it dismissed on the grounds that the trial court lacked subject matter jurisdiction based upon the jurisdictional amount in controversy. The trial court rejected these arguments and rendered a judgment of $5,000 against the UM after crediting the settlement amount. Thereafter, the court granted the victim’s request for a new trial after determining that the UM was subject to the full $30,000 jurisdictional amount of Monroe City Court. Accordingly, the court vacated its earlier judgment and rendered judgment against the UM in favor of the victim in the amount of $22,700.04. This appeal by the UM ensued. Finding that the Monroe City Court lacked subject matter jurisdiction, we vacate the judgment and remand with instructions for transfer of the case to a court of proper jurisdiction.

Facts

On April 18, 2011, Holly Swayze[1] (“Swayze”) filed suit against Brittany Miles and her liability insurer, State Farm Mutual Automobile Insurance Company (“State Farm”), seeking damages for personal injuries sustained by Swayze in an April 21, 2010 automobile accident. The suit|gwas filed in Monroe City Court which under La. C.C.P. 4843(F) has a jurisdictional limit for civil disputes up to $30,000.
In the accident, Miles crossed a travel lane as she exited a shopping center parking lot and struck the passenger side of Swayze’s vehicle. Swayze claimed to have sustained neck and back injuries as a result of the accident. On February 14, 2012, Swayze named her UM insurer,[2] Shelter Mutual Insurance Company (“Shelter”), as an additional defendant[3] specifically alleging that:
Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, on behalf of Defendant, BRITTANY I. MILES, carries a policy limit of liability of $25,000.00, which is insufficient to cover the entire claims of Plaintiffs.
On April 2, 2012, Swayze filed an Ex Parte Unopposed Motion to Transfer the case to the Ouachita Parish Fourth Judicial District Court. The motion sought transfer because “the claims Plaintiffs allege against Shelter Mutual Insurance Company now present an amount in dispute which exceeds this Court’s jurisdiction.” The order transferring the case was signed on April 3, 2012.
The motion to transfer also alleged that a settlement had been reached between Swayze and defendants, Miles and State Farm. The settlement agreement, which was executed on April 10, 2012, contained the following reservation of rights: “Ap- *371 pearer reserves all rights against all other responsible parties, including but not limited to all claims against Shelter Mutual Insurance Company.”
IsApparently as a result of the settlement and reconsideration of the matter, Swayze submitted to the court a Motion to Vacate Transfer Order on April 16, 2012, and the city court granted the request, allowing the matter to continue in Monroe City Court.
After the dismissal of Miles and State Farm, Shelter filed a Motion for Summary Judgment seeking dismissal of the action based upon lack of subject matter jurisdiction.[4] Shelter argued that the $25,000 settlement amount and its medical payment of $5,000 served to exhaust the jurisdictional limit of city court. The trial court denied the Motion for Summary Judgment on December 17, 2012.
The case went to trial against Shelter on March 26, 2013. After hearing testimony from Swayze and her treating physician, the parties submitted post-trial memoran-da to the court. Swayze argued that the settlement amount did not count toward the jurisdictional amount of the court and that the Shelter claim was subject to the full jurisdictional amount of $30,000. Nevertheless, the trial court cast judgment in favor of Swayze against Shelter in the amount of $5,000.
In written Reasons for Judgment, the court explained its ruling as follows:
The issue is whether this court has jurisdiction to award any additional amount to her. In its ruling on the Motion of Summary Judgment which was deemed an exception to the court’s jurisdiction there was no clear indication as to the allocation of $30,000.00 that had been paid and that lack of clarity left open the possibility of each defendant being able to recover $30,000.00. The evidence shows that Holly Swayze settled her claim with State Farm for $25,000.00 and |4executed a release of all claims against State Farm resulting [in] its dismissal from this lawsuit. (Defendant’s Exhibit D2). State Farm was a party before the court when the settlement with Holly Swayze was effectuated and therefore, Shelter Mutual as solidary ob-ligor with State Farm is entitled to a $25,000.00 credit.
[[Image here]]
Considering the medical payment made by Shelter to be separate coverage not encompassed under the uninsured motorist coverage, the most exposure Shelter has in this court for Holly Swayze’s damage is $5,000.00 after taking into account the $25,000.00 paid by State Farm. The medical records and the testimony provide justification for an award of $5,000.00 in general damages to Holly Swayze. Any amount above that is outside the court’s jurisdiction and would dictate that the matter be transferred to district court. Plaintiff is entitled to all costs associated with this litigation and legal interest as provided by law.
Subsequently, however, Swayze sought a new trial arguing that the settlement amount should not be considered in determining the jurisdictional amount against Shelter. The court agreed with Swayze and vacated its original judgment, concluding as follows:
Defendant State Farm had been the named insurer of the defendant at fault in the accident and Shelter had been added as a defendant being plaintiffs *372 underinsured motorist carrier. Plaintiff settled with State Farm prior to this matter being presented for trial and was released from the lawsuit through a judgment of dismissal with reservation of rights against Shelter. The settlement by Holly Swayze "with State Farm was for its policy limit of $25,000.00. A voluntary settlement is not an award by the court. Shelter’s insurance’s maximum exposure in Monroe City Court would be $30,000.00.
Thus the court ruled that Shelter was subject to the court’s full jurisdictional amount of $30,000, and awarded Swayze a judgment of $22,700.04 including $7,700.04 medical expenses and $15,000 general damages.
Shelter has appealed the judgment.

Discussion

|fiSubject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The subject matter jurisdiction of parish and city courts is limited by the amount in dispute and by the nature of the proceeding. La. C.C.P. art. 4841(A). The amount in dispute is determined by the amount demanded, including damages pursuant to Civil Code Articles 2315.3 and 2315.4, or value asserted in good faith by the plaintiff. La. C.C.P. art. 4841(B). If the demand asserted in an amended or supplemental pleading exceeds the jurisdiction of the court, the court shall transfer the action to a court of proper jurisdiction. La. C.C.P. art. 4841(C). The amount demanded by the plaintiff is the test for the subject matter jurisdiction of a city court. Thompson v. State Farm Mut. Auto. Ins. Co., 10-1244 (La.11/19/10), 50 So.3d 1271.
In the City Court of Monroe, the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed thirty thousand dollars. La. C.C.P. art. 4843(F).
No specific amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By | (¡interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate. La. C.C.P. art. 893.
When a plaintiff reduces his claim on a single cause of action to bring it within the jurisdiction of a court and judgment is rendered thereon, he remits the portion of his claim for which he did not pray for judgment, and is precluded thereafter from demanding it judicially. La. C.C.P. art. 5. A plaintiff may explicitly limit the jurisdictional amount via the pleadings. Thompson, supra.
If the plaintiff demands an amount in excess of the jurisdictional amount, the court lacks subject matter jurisdiction. The court may not cure the defect by subsequently reducing its judgment to an amount below the limit. However, the plaintiff may amend the petition before judgment and avoid dismissal by reducing the claim to an amount below the jurisdictional limit. The plaintiff may also make a good faith amendment of the claim to an amount in excess of the jurisdictional limit and have the case transferred to the district court. Frank L. Maraist, Civil Proce *373 dure § 2:6, in 1 Louisiana Civil Law Treatise (2d ed.2008).
From these recognized principles governing a city court’s limited jurisdiction, Shelter argues that the “amount in dispute” limitation of Article 4841 must include the amount of Swayze’s settlement with State Farm for Miles’s total tort damages inflicted. From the same statute, Swayze asserts that the “amount demanded” is the more controlling phrase for the jurisdictional measure under Article 4841, and that she demanded and received no more than $80,000 from Shelter. A resolution of the parties’ |7competing views of Article 4841 is aided by our consideration of the requisite proof for a UM claim and the solidary relationship of Shelter and Miles for the tort damages.
The burden is on the plaintiff in an action on an insurance policy to prove every fact essential to establish that his claim is within the policy coverage. One essential element of a UM claim is proof that the negligent motorist was uninsured or an underinsured. The UM insurer is liable only when the insured’s damages exceed the liability coverage of the negligent motorist. Thus, the UM insurer is entitled to a credit for the full liability policy limits, even if the insured settles with the tortfeasor’s insurer for less than the liability policy limits. William Shelby McKenzie and H. Alston Johnson, Insurance Law and Practice § 4:12, 4:33, in 15 Louisiana Civil Law Treatise (4th Ed.2012).
By effect of law and the terms of the insuring agreement, both the UM insurer and the tortfeasor are obligated for the same thing and are therefore solidary obligors. Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982); Fertitta v. Allstate Ins. Co., 462 So.2d 159 (La.1985); Dark v. Marshall, 41,711 (La.App.2d Cir.12/13/06), 945 So.2d 246. On the contrary, the primary insurer and the UM insurer are not solidary obligors. Rizer v. American Sur. & Fidelity Ins. Co., 95-1200 (La.3/8/96), 669 So.2d 387; Dark, supra.
From our review of these principles, Miles’s obligation as tortfeasor, the negligent breach of that obligation, and the total amount of damages caused by her negligence remained central to this dispute from the suit’s inception and even after the dismissal of the liability insurer, State Farm. |sThe fact that Shelter may be liable for only a portion of the total damages after the establishment at trial of the liability carrier’s obligation does not reduce our assessment of the amount in dispute in this case. The trial court ultimately determined that Swayze’s general damages were $40,000, an amount in excess of the $30,000 jurisdictional limit of the city court. The effect of the reduction of that award by $25,000 for the State Farm settlement under the uninsured motorist law does not change our assessment of the total amount in dispute in this case. Because Miles’s obligation as tortfeasor remained relevant in the UM claim and exceeded $30,000, the amount in dispute exceeded the limited jurisdiction of the city court.
Accordingly, the judgment of the lower court was void under La. C.C.P. art. 3. We vacate the judgment and remand to Monroe City Court for transfer of the action to a court of proper jurisdiction. Costs of this appeal are assessed to Swayze.
JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS.
APPLICATION FOR REHEARING
Before BROWN, STEWART, CARAWAY, MOORE and LOLLEY, JJ.
Rehearing denied.

. In the petition, Maxie Swayze also sought consortium damages although this claim was apparently abandoned.

. Shelter provided $50,000 UM coverage.

.On March 13, 2012, Shelter tendered $5,000 in medical payments coverage to Swayze which do not form a part of the jurisdictional amount.

. The judgment on the summary judgment indicates that at the December 10, 2012 hearing, the parties stipulated that the motion should be deemed a declinatory exception of lack of subject matter jurisdiction.