# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #032

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **30th day of June, 2015**, are as follows:

**BY WEIMER, J.**:

2014-C -1899        HOLLY D. SWAYZE, ET AL. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL. (Parish of Ouachita)

For the foregoing reasons, we find that the appellate court legally erred in vacating the city court judgment as a nullity and in remanding this matter to the city court for the sole purpose of having the city court transfer plaintiff's action to a court of proper jurisdiction. Because the appellate court's determination of jurisdiction allowed it to pretermit the issues of causation and quantum that were raised by the UM insurer on appeal, the interest of justice requires that this case be remanded to the court of appeal for consideration of those issues.
REVERSED; REMANDED.

# SUPREME COURT OF LOUISIANA

## NO. 2014-C-1899

## HOLLY D. SWAYZE, ET AL.

### VERSUS

## STATE FARM MUTUAL AUTOMOBILE
## INSURANCE COMPANY, ET AL.

*ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,*
*SECOND CIRCUIT, PARISH OF OUACHITA*

**WEIMER**, Justice

This matter addresses the "amount in dispute" which determines subject matter jurisdiction of a city court with a jurisdictional limit of $30,000. After filing suit, plaintiff settled with the tortfeasor and the tortfeasor's liability insurer for $25,000, leaving only plaintiff's claim against her uninsured motorist insurer. The issue to be determined is whether following the dismissal of the settling defendants, the city court had jurisdiction over plaintiff's claim against her uninsured motorist insurer to the full extent of that court's $30,000 jurisdictional limit. Stated simply, the issue to be determined is whether the settlement amount counts toward the city court's jurisdictional limit. We hold that it does not. Because the $25,000 settlement amount no longer constitutes part of the "amount in dispute," the city court's jurisdiction over the uninsured motorist claim is to the full extent of its $30,000 jurisdictional limit.

Therefore, the appellate court's decision is reversed, and the case is remanded to the court of appeal for further consideration.

## FACTS AND PROCEDURAL HISTORY

A vehicle driven by Holly D. Swayze (plaintiff) was struck on the passenger side by a vehicle driven by Brittany Miles (tortfeasor). Plaintiff filed a petition[1] for damages for injuries to her back and neck against the tortfeasor and the tortfeasor's liability insurer in Monroe City Court which has a jurisdictional limit of $30,000.[2] Plaintiff then supplemented and amended her petition to set forth a claim against her uninsured motorist (UM) insurer, Shelter Mutual Insurance Company,[3] because, as alleged by plaintiff, the tortfeasor's liability insurer "carries a policy limit of $25,000.00, which is insufficient to cover [her] entire claims." Subsequently, plaintiff filed an *ex parte* motion to transfer her case to the district court, alleging her claims "now present an amount in dispute which exceeds [the city court's] jurisdiction."[4] In her motion, plaintiff also indicated that she had reached a settlement with the tortfeasor and the tortfeasor's liability insurer. The city court granted the motion to transfer.

Within the next week, plaintiff executed a settlement agreement with the tortfeasor and the tortfeasor's liability insurer for the limits of the liability policy, $25,000. A few days later, plaintiff filed a motion to dismiss these two defendants with prejudice, as well as a motion to vacate the transfer order,[5] both of which were

---

[1] Plaintiff's husband also asserted a consortium claim that was later abandoned.

[2] See La. C.C.P. art. 4843(F), quoted *infra*.

[3] Plaintiff's policy provided for $50,000 in UM coverage.

[4] This motion was not opposed by defendants.

[5] Filing costs were never paid to the district court so the transfer was never finalized.

granted by the city court, allowing the case to remain in city court. The UM insurer then moved for summary judgment, urging that the $25,000 settlement amount and the voluntary $5,000 medical payment by the UM insurer to plaintiff exhausted the city court's jurisdictional limit. Accordingly, the UM insurer demanded that plaintiff's claims be dismissed with prejudice. Treating the UM insurer's motion as an exception raising the objection of lack of subject matter jurisdiction, the city court found that "[t]he settlement can be counted in determining whether the jurisdictional limit of the court has been reached notwithstanding the fact that [the tortfeasor's liability insurer] has been dismissed from this lawsuit and in effect is not a party before the court." Nonetheless, the UM insurer's exception was overruled since the city court did not have information before it that showed the allocation of the settlement between plaintiff and her husband, who could each recover $30,000 in the city court proceeding.[6] This matter then proceeded to trial in city court.

In her post-trial memorandum, plaintiff argued that the settlement amount from the tortfeasor's liability insurer did not apply to the city court's $30,000 jurisdictional limit and that an award of up to $30,000 could be entered against her UM insurer. The city court initially disagreed, finding the liability insurer "was a party before the court when the settlement with [plaintiff] was effectuated." As a solidary obligor, the UM insurer was "entitled to a $25,000 credit" for the settlement amount paid by the tortfeasor's liability insurer. Due to the city court's jurisdictional limit of $30,000, the city court found that the UM insurer's maximum exposure was $5,000. Finding the medical records and testimony supported an award of $5,000 in general damages,

---

[6] The appellate court later found the UM insurer's "$5,000 in medical payments coverage to [plaintiff] ... do not form a part of the jurisdictional amount," since plaintiff had not asserted a claim for medical payments in her petition. See **Swayze v. State Farm Mut. Auto. Ins. Co.**, 49,079, p. 2 (La.App. 2 Cir. 6/4/14), 142 So.3d 369, 370 n.3. This finding is not currently being challenged.

the city court entered judgment in plaintiff's favor for that amount. The city court further held that "[a]ny amount above that is outside the court's jurisdiction and would dictate that the matter be transferred to district court."

Plaintiff filed a motion for new trial, arguing that the amount received from the settling/later-dismissed defendants should not be considered in determining the jurisdictional amount available for an award against her UM insurer, the only defendant then before the court. Persuaded by plaintiff's arguments, the city court granted plaintiff's motion for new trial and vacated its original judgment, concluding:

> The settlement by [plaintiff] with [the tortfeasor's liability insurer] was for its policy limit of $25,000.00. A voluntary settlement is not an award by the court. [The UM insurer's] maximum exposure in Monroe City Court [is] $30,000.00.
>
> The court, without having specified the amount, determined in its reasons for judgment that [plaintiff's] damages were in excess of the amount covered by [the tortfeasor's liability] policy. That determination triggers [the UM insurer's] underinsured coverage, nevertheless, [the UM insurer] could not claim an offset as a solidary obligor because [the tortfeasor's liability insurer's] settlement was not in excess of its policy coverage. With [the UM insurer] being the only party defendant before the court at the time of trial, it was subject to the court's jurisdictional limit of $30,000.00. Taking into account [plaintiff's] testimony and that ... of her treating physician, the nature and extent of her injury, and the cost of her medical treatment, she is entitled to a judgment of $22,700.04 which is $7,700.04 for medical expenses and $15,000 for general damages.

On appeal from the judgment in plaintiff's favor for $22,700.04, the UM insurer argued that the city court erred in failing to find that the settlement amount constitutes a portion of the "amount in dispute" for purposes of La. C.C.P. art. 4843(F). It further urged that the city court manifestly erred in its determination of causation and abused its discretion in finding that plaintiff's damages exceeded $30,000, which had already been paid to plaintiff.

4

The appellate court concluded that the city court did not have subject matter jurisdiction in this case because the "amount in dispute" exceeded the city court's $30,000 jurisdictional limit. See **Swayze v. State Farm Mut. Auto. Ins. Co.**, 49,079, pp. 7-8 (La.App. 2 Cir. 6/4/14), 142 So.3d 369, 373. Recognizing that plaintiff bears the burden of proving the tortfeasor was underinsured or uninsured in order to establish coverage under her UM policy and that the tortfeasor and the UM insurer are solidary obligors,[7] the appellate court held that the tortfeasor's obligation, her negligent breach of that obligation, and "the total amount of damages caused by her negligence remained central" to plaintiff's claim against her UM insurer even after the tortfeasor's dismissal. *Id.* Because the total amount of plaintiff's general damage claim against the tortfeasor and the UM insurer, which the trial court determined to be $40,000,[8] exceeded the city court's jurisdictional limit, the appellate court held that the city court lacked subject matter jurisdiction to adjudicate plaintiff's remaining claim against her UM insurer. *Id.* "The effect of the reduction of [plaintiff's $40,000 general damage] award by $25,000 for the [tortfeasor's liability insurer] settlement under the uninsured motorist law does not change our assessment of the total amount in dispute in this case." *Id.* Accordingly, the city court's judgment was vacated, and the case was remanded to the city court for transfer to the district court because the city court lacked subject matter jurisdiction since the total amount in dispute exceeded the jurisdictional limits. See La. C.C. art. 4841(C), quoted *infra*. *Id.* Having found that the city court lacked subject matter jurisdiciton, the appellate court did not reach the issue of causation and quantum.

---

[7] See **Hoefly v. Government Employees Ins. Co.**, 418 So.2d 575, 578 (La. 1982).

[8] $25,000 (settlement amount) + $15,000 (city court's general damage award) = $40,000 (general damages).

5

Plaintiff then sought review of the appellate court's decision by this court. Plaintiff's writ application was granted[9] to address the extent of the city court's jurisdiction to adjudicate plaintiff's claim against her UM insurer in light of plaintiff's $25,000 settlement with the subsequently dismissed defendants. Stated differently, the issue presented is whether the city court's judgment for $22,700.04 against plaintiff's UM insurer exceeded the city court's $30,000 jurisdictional limit in light of plaintiff's $25,000 settlement with the tortfeasor and the tortfeasor's liability insurer.

**DISCUSSION**

"When the jurisdiction of a court over the subject matter of an **action** depends upon the **amount in dispute**, or value of the right asserted, it shall be determined by the **amount demanded** ... or value asserted in good faith by the plaintiff ...." La. C.C.P. art. 4 (emphasis added). The subject matter jurisdiction of a city court is addressed in La. C.C.P. art. 4841, which in pertinent part provides:

> A. The subject matter jurisdiction of parish courts and city courts is limited by the **amount in dispute** and by the nature of the proceeding, as provided in this Chapter.
>
> B. For the purposes of this Chapter, the **amount in dispute** is determined by the **amount demanded** ... or value asserted in good faith by the plaintiff ....
>
> C. If the demand asserted in an amended or supplemental pleading exceeds the jurisdiction of the court, the court shall transfer the action to a court of proper jurisdiction. [Emphasis added.]

Under La. C.C.P. art. 4841(A) and (B), "the subject matter jurisdiction of city courts is limited by the nature of the proceedings and by the amount in dispute, which amount is determined by the amount demanded." **Thompson v. State Farm Mut. Auto. Ins. Co.**, 10-1244, p. 4 (La. 11/19/10), 50 So.3d 1271, 1274. City court

---

[9] **Swayze v. State Farm Mut. Auto. Ins. Co.**, 14-1899 (La. 2/6/15), 157 So.3d 1136.

jurisdiction is further established by La. C.C.P. art. 4843, which in pertinent part provides:

> A. Except as otherwise provided for in this Article, the civil jurisdiction of a city court is concurrent with the district court **in cases where the amount in dispute**, or the value of the property involved, does not exceed fifteen thousand dollars.
>
> ....
>
> F. In ... the City Court of Monroe ..., the civil jurisdiction is concurrent with the district court **in cases where the amount in dispute**, or the value of the property involved, does not exceed thirty thousand dollars. [Emphasis added.]

Therefore, if the "amount in dispute" as determined by the "amount demanded" by plaintiff in her petition and supplemental petition exceeds $30,000, La. C.C.P. art. 4841(C) dictates that the city court transfer the action to a court of proper jurisdiction. However, "[w]hen a plaintiff reduces his claim on a single cause of action to bring it within the jurisdiction of a court and judgment is rendered thereon, he remits the portion of his claim for which he did not pray for judgment, and is precluded thereafter from demanding it judicially." La. C.C.P. art. 5.

The UM insurer contends that the "amount in dispute" limitation of La. C.C.P. arts. 4, 4841, and 4843 includes the amount of plaintiff's entire claim for damages inflicted by the tortfeasor. According to the UM insurer, the "amount in dispute" necessarily takes into account the settlement amount received from the dismissed defendants since UM coverage is not triggered until there is proof of damages exceeding the amount of the tortfeasor's liability coverage. Contrarily, plaintiff maintains the "amount demanded" includes only the amount being demanded from the defendant that is before the court at the time jurisdiction is determined. Thus, the "amount in dispute" is the amount that plaintiff can potentially recover from her UM insurer, which she stipulated was no more than $30,000.

In construing La. C.C.P. arts. 4, 4841, and 4843, we are guided by La. C.C. art. 9, which directs that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." Furthermore, "[l]aws on the same subject matter must be interpreted in reference to each other." La. C.C. art. 13.

We begin by observing that La. C.C.P. arts. 4, 4841, and 4843 address jurisdictional limits and that these articles pertain to the plaintiff's right to bring an action in a court of limited jurisdiction. Although La. C.C.P. art. 4841 does not delineate whether the "amount in dispute" or the "amount demanded" relates to an action, claim, proceeding, case, or cause of action, guidance in this respect can be gleaned from La. C.C.P. arts. 4 and 4843. In determining subject matter jurisdiction, La. C.C.P. art. 4 generally references the "action," while La. C.C.P. art. 4843, which provides for the $30,000 jurisdictional limit in this case, addresses "jurisdiction ... in cases."

"Action" is defined in Black's Law Dictionary as "[a] civil or criminal judicial proceeding." BLACK'S LAW DICTIONARY 31 (8th ed. 2004). The interchangeability of the terms "action" and "proceeding" is evidenced in the code articles on jurisdiction that precede La. C.C.P. art. 4. See La. C.C.P. arts. 1-3.[10] Thus, pursuant

_____

[10] La. C.C.P. art. 1 provides:

> Jurisdiction is the legal power and authority of a court to hear and determine an **action** or **proceeding** involving the legal relations of the parties, and to grant the relief to which they are entitled. [Emphasis added.]

La. C.C.P. art. 2 provides:

> Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of **actions** or **proceedings**, based upon the object of the demand, the amount in dispute, or the value of the right asserted. [Emphasis added.]

8

to La. C.C.P. art. 4, the city court's jurisdiction is determined by the "amount in dispute" or the "amount demanded" by the plaintiff in the "action" or proceeding that was filed in city court. Such an interpretation is supported by La. C.C.P. art. 4843, which provides for "jurisdiction ... in cases." Black's Law Dictionary defines "case" as "[a] proceeding, action, suit or controversy at law or in equity." BLACK'S LAW DICTIONARY at 228. Absent from this list of synonymous terms is the term "cause of action," which is defined as "[t]he juridical facts which constitute the basis of the right" or "[t]hat which serves as a basis for demand,"[11] or "the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant."[12]

In the context of the monetary threshold for the right to a trial by a jury, this court in **Benoit v. Allstate Ins. Co.**, 00-0424 (La. 11/28/00), 773 So.2d 702, analyzed the 1989 amendment to La. C.C.P. art. 1732,[13] which substituted the phrase "the amount of no individual petitioner's cause of action exceeds" for "the amount in dispute does not exceed." In analyzing this change in phraseology, this court found that the legislature's prior use of the phrase "amount in dispute" or "amount in

---

La. C.C.P. art. 3 provides:

> The jurisdiction of a court over the subject matter of an **action** or **proceeding** cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. [Emphasis added.]

[11] **Benoit v. Allstate Ins. Co.**, 00-0424, p. 7 (La. 11/28/00), 773 So.2d 702, 706, *quoting* **Trahan v. Liberty Mut. Ins. Co.**, 314 So.2d 350, 353 n.4 (La. 1975) (pertaining to the interruption of prescription).

[12] **Benoit**, 00-0424 at7, 773 So.2d at 706, *quoting* **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1238 (La. 1993) (pertaining to a plea of no cause of action).

[13] See 1989 La. Acts 107, § 1.

controversy"[14] denotes something other than "cause of action,"[15] and that the term "amount in controversy" refers to the amount of the plaintiff's overall claim arising out of the transaction or occurrence.  See **Wallace v. State Farm Mut. Auto. Ins. Co.**, 36,099, p. 8 (La.App. 2 Cir. 6/14/02), 821 So.2d 704, 711, *citing* **Benoit**, 00-0424 at 9-10, 773 So.2d at 707-08; **Meyers v. Neighborhood Restorations, Inc.**, 98-3046, p. 2 (La.App. 4 Cir. 9/1/99), 743 So.2d 755, 756 ("The 'amount in dispute' is the total amount at risk in the litigation."); **Walker v. Thap**, 92-0016 (La.App. 4 Cir. 5/17/94), 637 So.2d 1150, 1153 ("'Amount in dispute' means the maximum amount that the successful party may be awarded by judgment; conversely, the maximum amount the unsuccessful party may be ordered to pay.  It is the amount at risk in the litigation.").

In her action, plaintiff initially asserted claims against the tortfeasor and the tortfeasor's insurer, which provided $25,000 in liability coverage.  By a supplemental and amending petition, plaintiff added her UM insurer as a defendant, alleging that the tortfeasor was underinsured and seeking to recover under her UM policy.  Once the UM insurer was named as a defendant, the "amount in dispute" or the "amount demanded" in plaintiff's "action" or "case" admittedly exceeded the city court's $30,000 jurisdictional limit.  Plaintiff's filing of a motion to transfer her action to district court confirms that fact.  Thus, the question to be resolved is whether plaintiff's settlement of her claims against the tortfeasor and the tortfeasor's liability insurer and subsequent dismissal of these defendants affected the "amount in dispute" or the "amount demanded" in plaintiff's "action" or "case" so as to bring her

---

[14] Black's Law Dictionary defines "amount in controversy" as "[t]he damages claimed or relief demanded by the injured party in a lawsuit."  BLACK'S LAW DICTIONARY at 94.

[15] See **Benoit**, 00-0424 at 8-9, 773 So.2d at 707.  The term "cause of action" places "the focus on the defendant rather than on the plaintiff." *Id.*, 00-0424 at 10, 773 So.2d at 708.

remaining claim against her UM insurer within the jurisdictional limits of the city court.

The legislature did not impose a time frame in La. C.C.P. arts. 4, 4841, and 4843 for determining the "amount in dispute" or the "amount demanded" in a plaintiff's "action" or "case" for purposes of jurisdiction, nor did it place one in La. C.C.P. art. 1732 with regard to the monetary threshold for a jury trial. In resolving the time frame issue with respect to the right to a jury trial, this court in **Benoit** began by observing:

> [T]he overall legislative trends [in the Code of Civil Procedure] (1) to restrict, rather than expand, the right to jury trials; (2) to expand the jurisdiction of courts of limited jurisdiction in which there is no right to trial by jury; and (3) generally to limit the availability of the more costly methods of litigating claims and to encourage more efficient methods, such as summary judgment. [Footnote omitted.]

**Benoit**, 00-0424 at 9, 773 So.2d at 707-08. Considering these trends, particularly the one restricting jury trials, this court, in **Benoit**, declined to interpret La. C.C.P. art. 1732(1) in a manner that would expand a party's right to a jury trial, finding that the right to a jury trial is determined by "the value of the plaintiff's cause of action against the defendant or defendants who are **before the court at the time the right to a jury trial is litigated**." *Id.*, 00-0424 at 9-10, 773 So.2d at 708 (emphasis added). Accordingly, this court concluded "that the amounts received by plaintiff in settlement [from the tortfeasor's liability insurer] or payment from persons against whom plaintiff has a separate cause of action are not to be considered in determining the amount of plaintiff's cause of action against the defendant [UM insurer] presently before the court." *Id.*

Despite the distinction between the phrase "amount in dispute" used in La. C.C.P. arts. 4, 4841, and 4843 and the phrase "cause of action" found in La. C.C.P.

11

art. 1732(1), we find this court's resolution of the time frame for determining a "cause of action" in **Benoit** to be instructive relative to the time frame for determining the "amount in dispute" or the "amount demanded" for purposes of jurisdiction. In light of the legislative trends, observed in **Benoit**, that "expand the jurisdiction of courts of limited jurisdiction" and "generally ... limit the availability of the more costly methods of litigating claims and ... encourage more efficient methods,"[16] we interpret the "amount in dispute" referred to in La. C.C.P. arts. 4, 4841, and 4843 as the "amount in dispute" relative to, or the "amount demanded"[17] from, the defendant or defendants who are before the court at the time that jurisdiction is determined. Although the "amount in dispute" or the "amount demanded" in plaintiff's action as established by her pleadings initially exceeded the city court's $30,000 jurisdictional limit, we find that the subsequent settlement and release of the tortfeasor and the tortfeasor's liability insurer affected the "amount in dispute" or the "amount demanded" in plaintiff's action. Upon settlement in this case, the "amount in dispute" in plaintiff's action no longer included the amount originally demanded from the tortfeasor's liability insurer as that amount was no longer part of plaintiff's demand, was no longer an amount at risk in the litigation, and could no longer be awarded by judgment.[18] To find otherwise would undermine the legislative trends recognized in **Benoit** and result in inconsistent treatment of settlement amounts in connection with

---

[16] **Benoit**, 00-0424 at 9, 773 So.2d at 707-08.

[17] See La. C.C.P. art. 4841(B); **Thompson**, 10-1244 at 4, 50 So.3d at 1274 ("The amount demanded by the plaintiff is the test for the subject matter jurisdiction of a city court.").

[18] Such an interpretation alleviates the need to file suit in district court against a UM insurer for a nominal amount when the amount received in a settlement from the tortfeasor's liability insurer exceeds the jurisdictional limit of the court of limited jurisdiction with concurrent jurisdiction. Otherwise, as plaintiff points out, "a plaintiff with $101,000 in damages who settles with the tortfeasor for $100,000 leaving a claim against his own UM carrier in the amount of $1,000 will have to file suit in district court, because no court of limited jurisdiction will have authority to adjudicate the $1,000 dispute."

the determination of the right to a jury trial and the determination of jurisdiction in the context of an action involving a claim against a UM insurer. Consistency demands that these provisions be interpreted so that the determination of the right to a jury trial under La. C.C.P. art. 1732(1) and of subject matter jurisdiction of courts of limited jurisdiction under La. C.C. arts. 4, 4841, and 4843 can be made in a similar manner.

Following plaintiff's settlement with and release of the tortfeasor and the tortfeasor's liability insurer, all that remained of plaintiff's action was the claim against her UM insurer. At that point, she was simply demanding the amount owed by her UM insurer, which she stipulated did not exceed $30,000 ($20,000 less than the amount of the UM coverage provided in her policy). See **Thompson**, 10-1244 at 4, 50 So.3d at 1274 (a plaintiff can stipulate that her damages do not exceed the jurisdictional limit of the city court). The fact that plaintiff's UM coverage is not triggered until she has shown that her damages exceed $25,000 (the amount of the tortfeasor's liability coverage) does not reduce the city court's $30,000 jurisdictional limit.[19] This threshold issue is simply an evidentiary burden that must be satisfied by plaintiff to impose liability on her UM insurer. As with the determination of the right to a trial by jury, it is not relevant that the value of plaintiff's entire action or case at

---

[19] This finding is consistent with the decision in **Callaghan v. State Farm Insurance Co.**, 01-272 (La.App. 5 Cir. 10/17/01), 801 So.2d 520, writ denied, 01-3084 (La. 2/1/02), 807 So2d. 852, which involved a suit against a UM insurer in which the court recognized that the parish court's jurisdictional limit of $20,000 was not compromised by the fact that the plaintiff "would first have to show damages in excess of $50,000.00 in order to recover against the UM policy." The **Callaghan** court found that the actual "amount in dispute" was only $10,000, the amount by which the damage award exceeded the tortfeasor's liability coverage of $50,000. **Callaghan**, 01-272 at 4-5, 801 So.2d at 522-23. In reaching this decision, the **Callaghan** court cited its original decision in **Benoit**, affirmed by this court on review, in which "this Court noted that in a claim against an uninsured motorist policy, the plaintiff's cause of action [against the UM insurer was] limited to the actual monetary limits of the uninsured motorist policy, even though he must first prove injuries in excess of the tortfeasor's insurance coverage." **Callaghan**, 01-272 at 4, 801 So.2d at 522.

one point exceeded or constructively exceeds the jurisdictional limit of the city court

as a result of amounts received in settlement.

## CONCLUSION

Reading the law in its entirety in a manner that harmonizes the various provisions with each other,[20] we find that the "amount in dispute" or the "amount demanded" in plaintiff's "action" or "case" is determined by the damages plaintiff is seeking at the time jurisdiction is to be determined. Therefore, we conclude that the city court properly looked to the only viable claim that remained in plaintiff's action, *i.e.*, the one against her UM insurer, to determine the "amount in dispute" or the "amount demanded" in plaintiff's action for purposes of jurisdiction. Following the settlement with and release of the two other defendants, the "amount in dispute" relative to the claim against the tortfeasor's liability insurer was no longer being demanded by plaintiff and could not be awarded by the court. Given plaintiff's stipulation that the value of her claim against her UM insurer did not exceed $30,000, the city court had subject matter jurisdiction over plaintiff's existing "action."

## DECREE

For the foregoing reasons, we find that the appellate court legally erred in vacating the city court judgment as a nullity and in remanding this matter to the city court for the sole purpose of having the city court transfer plaintiff's action to a court of proper jurisdiction. Because the appellate court's determination of jurisdiction allowed it to pretermit the issues of causation and quantum that were raised by the UM insurer on appeal, the interest of justice requires that this case be remanded to the court of appeal for consideration of those issues.[21]

---

[20] La. C.C. art. 13; **Reed v. Washington Parish Police Jury**, 518 So.2d 1044, 1047 (La. 1988).

[21] See La. C.C.P. art. 2164 ("The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."); **Board of Com'rs of Port of New Orleans v. City of New Orleans By and Through Public Belt R. Com'n**, 223 La. 199, 211, 65 So.2d 313, 317 (1953) (Where "[t]he Court of Appeal, in view of its decision on the exceptions, had no occasion to review the merits of the controversy which fall primarily within its appellate jurisdiction," the interest of justice demands that "the case ... be remanded to that court for a consideration and determination

**REVERSED; REMANDED**.

thereof."); see also, **Logan v. Louisiana Dock Co., Inc.**, 541 So.2d 182, 193 (La. 1989) (on reh'g); **Williams v. Sewerage & Water Bd. of New Orleans**, 611 So.2d 1383, 1390-91 (La. 1993). Reinstatement of the city court judgment at this point would have the effect of forcing the UM insurer-respondent to affirmatively seek review of its assignment of error (that was pertermitted by the court of appeal) by filing a protective writ with this court, which is not required by La. C.C.P. art. 2133. See **Logan v. Louisiana Dock Co., Inc.**, 543 So.2d 1336, 1337-38 (La. 1989), Lemmon J., concurring.